1 | REBECCA M. ARAGON, Bar No. 134496
raragon@littler.com
2 | JESSICA S. KANG, Bar No. 273221
jkang@littler.com
3 | LITTLER MENDELSON, P.C.
633 West 5th Street
4 | 63rd Floor
Los Angeles, CA 90071
5 | Telephone: 213.443.4300
Facsimile: 213.443.4299
6
7 | Attorneys for Defendants
SOUTHWEST FUEL MANAGEMENT, INC.
DBA BREA CAR WASH & DETAIL CENTER
8 | (erroneously named herein as "Southwest Fuel
Management, Inc. dba Brea Car Wash Detail &
9 | Castrol Express Lube"), VAHID DAVID
DELRAHIM AND MARTIN LIZARRAGA
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | Case No. 2:16-cv-4547 FMO (AGRx) |
|---|---|
| | *HON. FERNANDO M. OLGUIN* |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** |
| v. | |
| SOUTHWEST FUEL MANAGEMENT, INC., dba BREA CAR WASH DETAIL & CASTROL EXPRESS LUBE, a California corporation; VAHID DAVID DELRAHIM, an individual, and as managing agent of the Corporate Defendant; and MARTIN LIZARRAGA, an individual, and as managing agent of the Corporate Defendant, | Complaint Filed: June 23, 2016
Trial Date: TBD |
| Defendants. | |

1  Defendants SOUTHWEST FUEL MANAGEMENT, INC., DBA BREA
2  CAR WASH & DETAIL CENTER (erroneously named herein as "Southwest Fuel
3  Management, Inc. dba Brea Car Wash Detail & Castrol Express Lube") ("SW"),
4  VAHID DAVID DELRAHIM and MARTIN LIZARRAGA (collectively
5  "Defendants"), on behalf of themselves and no other party or person, answers the
6  Complaint filed by Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States
7  Department of Labor (the "Secretary") as follows:
8      1.    Answering Paragraph 1, Defendants admit that the Secretary has filed the
9  present action. Defendants assert that no further answer is required as the remaining
10 allegations in Paragraph 1 consist entirely of the Secretary's description of his legal
11 claims. To the extent a response is required, Defendants deny the allegations
12 contained in Paragraph 1.
13     2.    Answering Paragraph 2, Defendants admit this Court has jurisdiction
14 over this action.
15     3.    Answering Paragraph 3, Defendants admit that venue in this Court is
16 proper.
17     (a)    Answering Paragraph 3(a), Defendant SW admits its headquarters
18 are located at 29501 Canwood St., Suite 200, Agoura Hills, California 91301, Los
19 Angeles County. Defendant SW denies that it has multiple locations where it
20 conducts business. Defendant SW admits that it conducts business as the Brea Car
21 Wash & Detail Center ("Brea Car Wash"), located at 1700 East Lambert Road, Brea,
22 California 92821. Defendant SW admits that, at all material times relevant to the
23 allegations of the Complaint, it operated as a full service car wash, lube center, gas
24 station and convenience store. Defendants Delrahim and Lizarraga assert that no
25 further answer is required, on their behalf, to the allegations in Paragraph 3(a) as the
26 allegations relate only to Defendant SW. To the extent a response is required
27 Defendants Delrahim and Lizarraga are without sufficient knowledge or information
28 to enable them to admit or deny the remaining allegations of Paragraph 3(a), and on

that basis, Defendants Delrahim and Lizarraga deny each and every allegation contained therein.

(b)  Answering Paragraph 3(b), Defendant Delrahim admits that he resides within the jurisdiction of this Court.  Defendants SW and Lizarraga assert that no further answer is required, on their behalf, to the allegations in Paragraph 3(b) as the allegations relate only to Defendant Delrahim.  To the extent a response is required Defendants SW and Lizarraga are without sufficient knowledge or information to enable it to admit or deny the remaining allegations of Paragraph 3(b), and on that basis, Defendants SW and Lizarraga deny each and every allegation contained therein.

(c)  Answering Paragraph 3(c), Defendant Lizarraga admits that he resides within the jurisdiction of this Court.  Defendants SW and Delrahim assert that no further answer is required, on their behalf, to the allegations in Paragraph 3(c) as the allegations relate only to Defendant Lizarraga.  To the extent a response is required Defendants SW and Delrahim are without sufficient knowledge or information to enable it to admit or deny the remaining allegations of Paragraph 3(c), and on that basis, Defendants SW and Delrahim deny each and every allegation contained therein.

4.  Answering Paragraph 4, Defendant Delrahim admits that he is a managing agent of Defendant SW.  Defendant Delrahim denies that he is an employer as it relates to the allegations of the Secretary's Complaint.  Defendant Delrahim denies that he acted directly or indirectly in the interest of Defendant SW in relation to the individuals listed in Exhibit 1 to the Complaint.  Defendant Delrahim asserts that no further answer is required as the remaining allegations in Paragraph 4 consist entirely of legal conclusions and argument and/or Defendant is without sufficient knowledge or information to enable it to admit or deny the remaining allegations of Paragraph 4.  To the extent a further response is required, Defendant denies the remaining allegations contained in Paragraph 4.  Defendants SW and Lizarraga assert

1 that no further answer is required, on their behalf, to the allegations in Paragraph 4 as
2 the allegations relate only to Defendant Delrahim. To the extent a response is
3 required Defendants SW and Lizarraga are without sufficient knowledge or
4 information to enable it to admit or deny the remaining allegations of Paragraph 4, and
5 on that basis, Defendants SW and Lizarraga deny each and every allegation contained
6 therein.

7     5. Answering Paragraph 5, Defendant Lizarraga denies that he is a
8 managing agent of Defendant SW. Defendant Lizarraga denies that he is an employer
9 as it relates to the allegations of the Secretary's Complaint. Defendant Lizarraga
10 denies that he acted directly or indirectly in the interest of Defendant SW in relation to
11 the individuals listed in Exhibit 1 to the Complaint. Defendant Lizarraga asserts that
12 no further answer is required as the remaining allegations in Paragraph 5 consist
13 entirely of legal conclusions and argument and/or Defendant is without sufficient
14 knowledge or information to enable it to admit or deny the remaining allegations of
15 Paragraph 5. To the extent a further response is required, Defendant Lizarraga denies
16 the remaining allegations contained in Paragraph 5. Defendants SW and Delrahim
17 assert that no further answer is required, on their behalf, to the allegations in
18 Paragraph 5 as the allegations relate only to Defendant Lizarraga. To the extent a
19 response is required Defendants SW and Delrahim are without sufficient knowledge
20 or information to enable it to admit or deny the remaining allegations of Paragraph 5,
21 and on that basis, Defendants SW and Delrahim deny each and every allegation
22 contained therein.

23     6. Answering Paragraph 6, Defendant SW asserts that no answer is required
24 as the allegations in Paragraph 6 consist entirely of legal conclusions and argument.
25 To the extent a further response is required, Defendant SW denies the allegations
26 contained in Paragraph 6. Defendants Delrahim and Lizarraga assert that no further
27 answer is required, on their behalf, to the allegations in Paragraph 6 as the allegations
28 relate only to Defendant SW. To the extent a response is required Defendants

1  Delrahim and Lizarraga are without sufficient knowledge or information to enable
2  them to admit or deny the remaining allegations of Paragraph 6, and on that basis,
3  Defendants Delrahim and Lizarraga deny each and every allegation contained therein.
4       7.   Answering Paragraph 7, Defendant SW admits that it was an enterprise
5  engaged in commerce, as defined in Section 3(s) of the FLSA.  Defendant SW is
6  without sufficient knowledge or information to enable it to admit or deny the
7  allegations of its gross volume of business done in 2016.  Defendant SW denies that it
8  employed all of the individuals listed in Exhibit 1 to the Complaint for the entire time
9  period alleged in the Complaint.  Defendant SW asserts that no further answer is
10 required as the remaining allegations in Paragraph 7 consist entirely of legal
11 conclusions and argument.  Defendants Delrahim and Lizarraga assert that no further
12 answer is required, on their behalf, to the allegations in Paragraph 7 as the allegations
13 relate only to Defendant SW.  To the extent a response is required Defendants
14 Delrahim and Lizarraga are without sufficient knowledge or information to enable
15 them to admit or deny the remaining allegations of Paragraph 7, and on that basis,
16 Defendants Delrahim and Lizarraga deny each and every allegation contained therein.
17      8.   Answering Paragraph 8, Defendants deny the allegations as framed and
18 set forth in Paragraph 8.
19      9.   Answering Paragraph 9, Defendants deny the allegations as framed and
20 set forth in Paragraph 9.
21      10.  Answering Paragraph 10, Defendants deny the allegations as framed and
22 set forth in Paragraph 10.
23      11.  Answering Paragraph 11, Defendants deny the allegations as framed and
24 set forth in Paragraph 11.
25           (a)   Answering Paragraph 11(a), Defendants deny the allegations as
26 framed and set forth in Paragraph 11(a).
27           (b)   Answering Paragraph 11(b), Defendants deny the allegations as
28 framed and set forth in Paragraph 11(b).

(c) Answering Paragraph 11(c), Defendants deny the allegations as framed and set forth in Paragraph 11(c).

12. Answering Paragraph 12, Defendants deny the allegations as framed and set forth in Paragraph 12.

13. Answering Paragraph 13, Defendants assert no answer is required because Paragraph 13 consists entirely of the Secretary's legal conclusions and argument. To the extent a response is required, Defendants deny the allegations contained in Paragraph 13.

14. Answering Paragraph 14, Defendants assert no answer is required because Paragraph 14 consists entirely of the Secretary's legal conclusions and argument. To the extent a response is required, Defendants deny the allegations contained in Paragraph 14.

15. Answering Paragraph 15, Defendants assert no answer is required because Paragraph 14 consists entirely of the Secretary's legal conclusions and argument. To the extent a response is required, Defendants deny the allegations contained in Paragraph 15.

A. The allegations set forth in Paragraph A. of the Secretary's Complaint are prayers for relief and, as such, require no response. However, to the extent a response is required, Defendants assert the Secretary is not entitled to the relief sought.

B. The allegations set forth in Paragraph B(i)-(ii). of the Secretary's Complaint are prayers for relief and, as such, require no response. However, to the extent a response is required, Defendants assert the Secretary is not entitled to the relief sought.

C. The allegations set forth in Paragraph C. of the Secretary's Complaint are prayers for relief and, as such, require no response. However, to the extent a response is required, Defendants assert the Secretary is not entitled to the relief sought.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

5.

## DEFENDANTS' DEFENSES

### FIRST DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint and each and every alleged cause of action therein, fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each and every alleged cause of action therein, is barred in whole or in part by the equitable doctrines of laches, unclean hands, waiver, estoppel and/or res judicata.

### THIRD DEFENSE

As a separate and distinct defense, the Secretary and/or any individual listed in Exhibit 1 to the Complaint are not entitled to any equitable relief as prayed for in the Complaint to the extent that any individual listed in Exhibit 1 to the Complaint is not currently employed by Defendants and/or have an adequate remedy at law for the alleged conduct of Defendants.

### FOURTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint, and each purported cause of action alleged therein, is barred because at all times alleged in the Complaint, each individual listed in Exhibit 1 expressly or impliedly assented to the conduct alleged to be unlawful.

### FIFTH DEFENSE

As a separate and distinct defense, prosecution of this action by the Secretary, under the facts and circumstances of this case, would constitute a denial of Defendants' due process rights, both substantive and procedural, in violation of the Constitution of the State of California and the Constitution of the United States, including the Fourteenth Amendment.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

### SIXTH DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with the listed employees' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or other federal or state administrative agencies.

### SEVENTH DEFENSE

As a separate and distinct defense, Defendants allege the Complaint cannot be maintained against Defendants because, at all relevant times, Defendants acted in accordance with its responsibilities under all applicable laws and have not engaged in any willful, negligent, reckless, and/or proscribed misconduct with respect to the individuals listed in Exhibit 1 to the Complaint.

### EIGHTH DEFENSE

As a separate and distinct defense, Defendants allege at all times relevant and material herein there was a bona fide, good faith dispute as to Defendants' obligation to pay any wages that may be found to be due.

### NINTH DEFENSE

As a separate and distinct defense, Defendants allege the Complaint, and each purported cause of action alleged therein, is barred because no individual listed in Exhibit 1 to the Complaint has suffered any cognizable damage or other harm as a result of any alleged act or omission of Defendants.

### TENTH DEFENSE

As a separate and distinct defense, Defendants allege the Complaint, and each purported cause of action alleged therein, is barred to the extent that any individual

listed in Exhibit 1 to the Complaint seeks to recover statutory penalties, to the extent that they remain employed by Defendants as of the time of the filing of this action.

## ELEVENTH DEFENSE

As a separate and distinct defense, Defendants allege the Complaint, and each purported cause of action alleged therein, is barred because the individuals listed in Exhibit 1 to the Complaint failed to perform the necessary conditions to give rise to an obligation by Defendants to pay any of the claimed wages.

## TWELFTH DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's claims are barred in whole or in part as to all hours during which the individuals listed in Exhibit 1 to the Complaint were engaged in activities that were preliminary or postliminary to their principal activities, and thus, are not compensable under the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, and/or similar federal or state laws.

## THIRTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that any claim for liquidated damages under the Fair Labor Standards Act is barred because Defendants at all times acted in good faith and had reasonable grounds for believing that it was in compliance with the Fair Labor Standards Act.

## FOURTEENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's Complaint, and each and every cause of action therein, is barred either in whole or in part by the statutes of limitations set forth in the Fair Labor Standards Act, U.S.C., title 29, section 255. Specifically, the statute of limitations under the FLSA is two years, unless the cause of action arose out of a willful violation (in which case the statute of limitations is three years). 29 U.S.C. § 255. The Secretary's claims do not arise out of a willful violation. The Secretary filed his claim on June 23, 2016; therefore, he is unable to recover for any alleged violation of the FLSA which

1  occurred prior to June 23, 2014.  Should other persons be permitted to join this action
2  as party plaintiffs pursuant to 29 U.S.C. § 216(b), their claims will similarly be subject
3  to the applicable two-year statute of limitations.

### FIFTEENTH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege that the Secretary's claims are barred by the individuals' breach of duties owed to Defendants, including but not limited to those under California Labor Code section 2856.

### SIXTEENTH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege there exists a bona fide dispute as to whether any additional compensation is actually due to the individuals listed in Exhibit 1 to the Complaint, and if so, the amount thereof.

### SEVENTEENTH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege that, even if the individuals listed in Exhibit 1 to the Complaint are entitled to any additional compensation, which Defendants deny, they have not willfully or intentionally failed to pay any such additional compensation to the individuals listed in Exhibit 1 to the Complaint to justify an award of penalties or fees.

### EIGHTEENTH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege that some or all of the hours worked by the individuals listed in Exhibit 1 to the Complaint and claimed as causing any violation in the Complaint were *de minimis* and do not qualify as compensable hours worked under applicable federal and/or California law.

### NINETEENTH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege the Complaint, and each purported cause of action alleged therein, is barred because all or a portion of the wages, overtime premiums, interest, attorneys' fees, penalties, or other relief sought by the Secretary were, or will be before the conclusion of this action,

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

9.

paid or collected, and therefore, the alleged claims have been partially or completely discharged.

### TWENTIETH DEFENSE

As a separate and distinct defense to the Complaint, Defendants allege that the claims asserted are barred to the extent the individuals listed in Exhibit 1 to the Complaint released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

### TWENTY-FIRST DEFENSE

As a separate and distinct defense, Defendants allege that Complaint cannot be maintained against Defendants because any alleged losses or harms sustained by the represented individuals, if any, which Defendants deny, resulted from causes other than any act or omission, if any, by Defendants.

### TWENTY-SECOND DEFENSE

As a separate and distinct defense, Defendants allege that even if the Secretary and/or the individuals listed in Exhibit 1 to the Complaint are entitled to any compensation as a result of the Complaint and each cause of action set forth therein, which Defendants deny, any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid to the individuals listed in Exhibit 1 to the Complaint so as to prevent unjust enrichment of the represented individuals.

### TWENTY-THIRD DEFENSE

As a separate and distinct defense, Defendants allege that to the Secretary is not entitled to recover any penalties or liquidated damages under California or federal law, and any award of penalties or liquidated damages would in general or in fact violate Defendants' rights under the United States and California constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment to the United States Constitution, as well as the due process, excessive fines, and cruel and unusual

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

10.

punishment clauses in the California Constitution, including but not limited to Article 1, sections 7, 8 and 17 of the California Constitution, including the prohibition against excessive fines.

### TWENTY-FOURTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint fails to properly state a claim for injunctive relief.

### TWENTY-FIFTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each cause of action alleged therein are barred because the Secretary failed to timely and completely exhaust the requisite administrative remedies, statutory, and/or contractual remedies available to them prior to commencing this action.

### TWENTY-SIXTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each cause of action alleged therein are barred because the alleged injuries were not proximately caused by any unlawful policies, customs, practices, and/or procedures promulgated and/or tolerated by Defendants.

### TWENTY-SEVENTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each cause of action alleged therein, or some of them, are barred because the applicable regulations, or some of them, are unconstitutionally vague and ambiguous and violated Defendants' rights under the California and United States Constitutions to, among other things, due process of law.

### TWENTY-EIGHTH DEFENSE

As a separate and distinct defense, Defendants allege the claims in the Complaint that seek the imposition of multiple penalties for the same basic wrongs are unconstitutional in that such relief violates the Due Process clauses of the Constitutions of both the United States and the State of California.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

11.

### TWENTY-NINTH DEFENSE

As a separate and distinct defense, Defendants allege that the Complaint and each cause of action alleged therein fail to state facts sufficient to entitle the Secretary to prejudgment interest, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

### THIRTIETH DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's claims are barred in whole or in part as to all hours allegedly worked that Defendants did not suffer or permit the individuals listed in Exhibit 1 to the Complaint to work and/or for which Defendants lacked actual or constructive knowledge.

### THIRTY-FIRST DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's claims and the claims he seeks to assert on behalf of the individuals listed in Exhibit 1 to the Complaint are barred in whole or part by statutory exclusions, exceptions, setoffs, and/or credits under the Fair Labor Standards Act and/or California Labor Code.

### THIRTY-SECOND DEFENSE

As a separate and distinct defense, Defendants allege that the Secretary's maintenance of this action is frivolous, vexatious and unreasonable, thereby entitling Defendants to recovery of their reasonable attorney's fees.

### ADDITIONAL DEFENSES

Defendants do not presently know all facts respecting conduct by the Secretary and/or the individuals listed in Exhibit 1 to the Complaint sufficient to state all defenses at this time. Accordingly, Defendants reserve the right to amend this answer should it later discover facts demonstrating the existence of additional defenses.

///
///
///
///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

12.

**WHEREFORE**, Defendants pray that:

1. The Complaint be dismissed in its entirety with prejudice, and that the Secretary take nothing by the Complaint;

2. Judgment be entered against the Secretary and in favor of Defendant;

3. Defendants be awarded their costs of suit and reasonable attorneys' fees if allowable by law; and

4. The Court award Defendants such other and further relief as it deems appropriate.

Dated: August 10, 2016

/s/ *Rebecca M. Aragon*
REBECCA M. ARAGON
JESSICA S. KANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
Southwest Fuel Management, Inc. dba Brea Car Wash & DETAIL CENTER (ERRONEOUSLY NAMED HEREIN AS "SOUTHWEST FUEL MANAGEMENT, INC. DBA BREA CAR WASH DETAIL & CASTROL EXPRESS LUBE"), Vahid David Delrahim and Martin Lizarraga

Firmwide:141840032.2 090117.1001

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300