REBECCA M. ARAGON, Bar No. 134496
raragon@littler.com
JESSICA S. KANG, Bar No. 273221
jkang@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
Telephone: 213.443.4300
Facsimile: 213.443.4299

Attorneys for Defendants
SOUTHWEST FUEL MANAGEMENT, INC.
DBA BREA CAR WASH DETAIL CENTER &
CASTROL EXPRESS LUBE, VAHID DAVID
DELRAHIM AND MARTIN LIZARRAGA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST FUEL MANAGEMENT, INC., dba BREA CAR WASH DETAIL & CASTROL EXPRESS LUBE, a California corporation; VAHID DAVID DELRAHIM, an individual, and as managing agent of the Corporate Defendant; and MARTIN LIZARRAGA, an individual, and as managing agent of the Corporate Defendant,<br><br>Defendants. | Case No. 2:16-cv-4547 FMO (AGRx)<br><br>*HON. FERNANDO M. OLGUIN*<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND CONTINUE THE DEADLINE FOR FUTURE AMENDMENTS**<br><br>Date: December 8, 2016<br>Time: 10:00 a.m.<br>Courtroom 22, 5th Floor<br><br>Complaint Filed: June 23, 2016<br>Trial Date: July 18, 2017 |

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:143979025.6 090117.1001

# I.

# INTRODUCTION

Plaintiff Secretary of Labor Thomas E. Perez's ("the Secretary") Motion for Leave to File Amended Complaint and Continue the Deadline for Future Amendments is prejudicial to Defendants Southwest Fuel Management, Inc. dba Brea Car Wash Detail Center & Castrol Express Lube, Vahid David Delrahim and Martin Lizarraga (collectively "Defendants"), and on that basis, should be denied. Although the Secretary had knowledge of the entities and facts he wishes to add for ***over one (1) year***, he waited until the very last day permitted by this Court to seek to amend his Complaint. Defendants have already taken the depositions of two witnesses and have conducted written discovery. Therefore, Defendants will be prejudiced without additional time for discovery (and thus other trial deadlines) if the Secretary is allowed to amend his Complaint to add two corporate Defendants and add additional factual allegations.

The Court should use its discretion to deny the Motion on the grounds that it (1) was filed after undue delay in seeking leave to amend, and (2) will cause undue prejudice to Defendants. In the event this Court grants the Secretary's Motion, Defendants request that the Court continue the deadlines set forth in its Scheduling and Case Management Order ("Dkt. 33") by one month, as set forth in Exhibit A to the Declaration of Rebecca M. Aragon in Support of Defendant's Opposition to Plaintiff's Motion for Leave to File Amended Complaint ("Aragon Decl."). The newly-added Defendants are entitled to reasonable time to conduct discovery. The current discovery cut-off date is February 10, 2017. Aragon Decl., ¶ 3. A one-month continuance of the Scheduling Order deadlines is necessary. Additionally, if the Court permits the Secretary to amend his Complaint, Defendants request that the Court deny the Secretary's request to continue the deadline for future amendments.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:143979025.6 090117.1001       1.

## II.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

While the Secretary filed his Complaint on June 23, 2016, he began his investigation of his claims on or around the end of June 2015. Aragon Decl., ¶ 4, Exh. B. Thus, the Secretary has known, or should have known, about California Payroll Group, Inc. and Goldenwest Solutions Group, Inc. since that time. Additionally, as the Secretary admits in his Motion, he identified California Payroll Group, Inc. and Goldenwest Solutions Group, Inc. as entities who were likely to have discoverable information in his initial disclosures, dated September 30, 2016. Aragon Decl., ¶ 5; Plaintiff Secretary of Labor's Notice of Motion and Motion for Leave to File Amended Complaint and Continue the Deadline for Future Amendments ("Motion"), p. 7, lns. 10-12. Yet, despite knowledge of these entities for over **one year**, the Secretary waited until after Defendants engaged in extensive discovery and until the last minute to seek leave to amend the Complaint to add the same.

On September 16, 2016, Defendants propounded its first sets of written discovery. Aragon Decl., ¶ 6, Exh. C. Defendants have also taken two full days of the depositions of Tony Pham and Mojdeh Ourmazdi, Wage and Hour personnel, related to the defense of the existing allegations and Defendants only. Aragon Decl., ¶ 7.

After the Secretary informed Defendants, through their counsel, that he intended to add California Payroll Group, Inc. and Goldenwest Solutions Group, Inc., and additional facts to his Complaint, Defendants agreed to stipulate to the proposed amended complaint on the condition that the Parties stipulate to continue the dates in Dkt. 33 by one month to avoid any undue prejudice on Defendants. Aragon Decl., ¶ 8, Exh. D. The Secretary initially agreed to stipulate to a continuance of the deadlines, and the Parties drafted and revised a proposed stipulation. Aragon Decl., ¶ 9, Ex. D. Despite this agreement, the Secretary waited until November 9, 2016, the day that the proposed stipulation was to be filed, to withdraw his agreement to the

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:143979025.6 090117.1001       2.

1 proposed stipulation.  Id.; Declaration of Natalie Nardecchia in Support of Plaintiff
2 Secretary of Labor's Motion for Leave to File Amended Complaint and Continue the
3 Deadline for Future Amendments ("Nardecchia Decl."), Exh. 2.  Defendants' counsel
4 attempted to meet and confer regarding the same.  Aragon Decl., ¶ 10.  However,
5 Defendants' counsel received no response and the instant motion was filed.  Id.

## III.
## LEGAL ARGUMENT

### A.   Legal Standard for Leave to Amend.

Once a responsive pleading is filed, a party may amend a complaint only with the opposing party's written consent or by leave of Court.  Fed. R. Civ. P. 15.  A district court has broad discretion to grant or deny leave to amend.  *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980).  However, leave should not be granted if the following factors exist, alone, or in combination: (1) undue delay; (2) prejudice to the opposing party; (3) futility of the amendment; (4); bad faith or dilatory motive; and (5) repeated failure to cure deficiencies by previous amendments.  *Foman v. Davis*, 371 U.S. 178, 181-82 (1962); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

Here, as set forth below, leave to amend should be denied because the proposed amendment would prejudice Defendants and was caused by the Secretary's undue delay.

### B.   The Secretary's Motion Should Be Denied For Undue Delay.

Denial of leave to amend under Rule 15 is entirely proper and not an abuse of discretion where the party seeking leave to amend knew or should have known of the facts supporting the amendment at the time the original Complaint was filed.  *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("[I]n evaluating undue delay, we also inquire 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'").  And, where a plaintiff is "necessarily aware of all the facts asserted in

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:143979025.6 090117.1001          3.

the [amended complaint] prior to filing the [original] Complaint" and provides no justification other than he/she failed to previously think of them, leave to amend should be denied. *Johnsen v. Rogers*, 551 F. Supp. 281, 284 (1982); see also 6 Wright & Miller, Federal Practice and Procedure 2d § 1487, p. 651 (1990) ("[L]eave may be withheld if the moving party knew the facts on which the claim or defense sought to be added were based at the time the original pleading was filed and there is no justification for his failure to plead them.")

Not only does the Secretary admit to having been aware of the proposed additional Defendants since he served his initial disclosures on September 30, 2016, the Secretary knew, or should have known, about the proposed additional Defendants and additional facts since he conducted his investigation in late June of 2015. The Ninth Circuit has held that a fifteen month delay between discovery of the relevant facts and the filling of a motion for leave to amend is unreasonable. *See AmerisourceBergen Corp.*, 465 F.3d at 953. Because the Secretary was capable of naming the proposed Defendants and including the additional facts at the time of his original Complaint, Defendants respectfully ask that this Court deny the Secretary's Motion.

### C. Permitting the Secretary to Amend His Complaint Will Unduly Prejudice Defendants.

"Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("consideration of prejudice to the opposing party... carries the greatest weight"). Here, Defendants have already completed their first sets of written discovery and have taken two full days of depositions of Tony Pham and Mojdeh Ourmazdi related to the defense of the existing allegations and Defendants only. Accordingly, the Secretary's Motion should be denied based on the prejudice this will cause Defendants.

If the Secretary is permitted to amend his Complaint, Defendants will need to re-depose these witnesses to specifically inquire into the two new corporate

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

Firmwide:143979025.6 090117.1001

4.

1  Defendants and the new factual allegations. Additionally, if the Motion is granted,
2  Defendants will need additional time to conduct written discovery, take depositions,
3  conduct expert discovery, and file dispositive motions. Therefore, if the Court grants
4  the Motion, Defendants request that the Court continue the deadlines set forth in Dkt.
5  33, by one month, as set forth in Exhibit A to the Aragon Declaration.

### D. The Court Should Deny The Secretary's Request to Continue the Deadline to Amend Future Complaints Because There is No Basis For Such An Extension.

In his Motion, the Secretary unreasonably requests that the Court continue the deadline to amend complaints by "at least three months." Motion, p. 13, lns. 23-26. This request should be denied because, not only will the granting of this request cause even more prejudice to Defendants, it will further delay all future proceedings. As stated above, the Secretary has had more than enough time to properly name all of the defendants in this matter, and he should not be rewarded for his undue delay by granting him even more time to add additional defendants or factual allegations. Additionally, the Secretary has not provided any legal basis for such a request.

As such, Defendants respectfully request that the Court deny the Secretary's request for a continuance of the deadline to amend the Complaint.

///
///
///
///
///
///
///
///
///

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:143979025.6 090117.1001                5.

## IV.
## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this Court deny the Secretary's Motion for Leave to File Amended Complaint. However, if the Court grants the Motion, Defendants respectfully request that the Court continue the deadlines set forth in Dkt. 33 by one month, as set forth in Exhibit A to the Aragon Declaration.

Dated:   November 17, 2016

                    */s/ Rebecca M. Aragon*
REBECCA M. ARAGON
JESSICA S. KANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
Southwest Fuel Management, Inc. dba Brea Car Wash & DETAIL CENTER (erroneously named herein as "Southwest Fuel Management, Inc. dba Brea Car Wash Detail & Castrol Express Lube"), Vahid David Delrahim and Martin Lizarraga

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
213.443.4300

Firmwide:143979025.6 090117.1001          6.