| | |
|---|---|
| 1 | REBECCA M. ARAGON, Bar No. 134496 |
| 2 | raragon@littler.com<br>JESSICA S. KANG, Bar No. 273221 |
| 3 | jkang@littler.com<br>LITTLER MENDELSON, P.C. |
| 4 | 633 West 5th Street<br>63rd Floor |
| 5 | Los Angeles, CA 90071<br>Telephone: 213.443.4300 |
| 6 | Facsimile: 213.443.4299 |
| 7 | Attorneys for Defendants<br>SOUTHWEST FUEL MANAGEMENT, INC. |
| 8 | DBA BREA CAR WASH DETAIL CENTER &<br>CASTROL EXPRESS LUBE, GOLDENWEST |
| 9 | SOLUTIONS GROUP, INC., CALIFORNIA<br>PAYROLL GROUP, INC., VAHID DAVID |
| 10 | DELRAHIM AND MARTIN LIZARRAGA |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HUGLER[1], Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST FUEL MANAGEMENT, INC., dba BREA CAR WASH DETAIL & CASTROL EXPRESS LUBE, a California corporation; VAHID DAVID DELRAHIM, an individual, and as managing agent of the Corporate Defendants; MARTIN LIZARRAGA, an individual, and as managing agent of the Corporate Defendants; GOLDENWEST SOLUTIONS GROUP, INC., a California corporation; and CALIFORNIA PAYROLL GROUP, INC., a California corporation,<br><br>Defendants. | Case No. 2:16-cv-4547 FMO (AGRx)<br><br>**DISCOVERY MATTER REFERRED TO SPECIAL MASTER**<br><br>*HON. FERNANDO M. OLGUIN MAGISTRATE HON. ALICIA G. ROSENBERG*<br><br>**DEFENDANTS' AND SHANNON DELRAHIM'S EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENA TO PEPPERDINE UNIVERSITY, ALTERNATIVELY, REQUEST FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA**<br><br>Discovery Cutoff: August 11, 2017<br>Complaint Filed: June 23, 2016<br>Trial Date: February 27, 2018 |

---

[1] On January 20, 2017, Edward Hugler replaced Secretary of Labor Thomas E. Perez as Acting Secretary of Labor. The caption has been amended to reflect this change.

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..................................................................................................1

II. LEGAL ARGUMENT .........................................................................................3

    A. Plaintiff Has Created Exigent Circumstances Which Warrant This Ex Parte Application ..................................................................................3

    B. The Court is Empowered to Quash the Subpoena .....................................4

    C. Plaintiff's Subpoena Is Overbroad and Does Not Seek Relevant Information ..................................................................................................5

    D. The Subpoena Seeks Confidential and Private Education Records ..........6

    E. If the Court is Not Inclined to Quash Plaintiff's Subpoena, Defendants Request a Motion for Protective Order Be Issued .................9

III. CONCLUSION ..................................................................................................10

i.

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Anderson v. Abercrombie & Fitch Stores, Inc.*,
  No. 06CV991-WQH(BLM), 2007 WL 1994059 (S.D. Cal. July 2, 2007) ................................................................................................................. 6

*Bertl v. City of Westland*,
  2007 WL 2021836 (E.D. Mich. July 12, 2007) ............................................. 8

*Broadcort Capital Corp. v. Flagler Securities, Inc.*,
  149 F.R.D. 626 (D.Colo., 1993) ..................................................................... 4

*Ceramic Corp. of Am. V Inka Maritime Corp.*,
  163 F.R.D. 584 (C.D. Cal. 1995) ................................................................... 7

*Davis v. Leal*,
  43 F.Supp.2d 1102 (E.D. Cal. 1999) ............................................................. 7

*Ellis v. Cleveland Municipal School Dist.*,
  309 F.Supp.2d 1019 (N.D. Ohio 2004) ......................................................... 8

*Gonzales v. Google*,
  234 F.R.D. 674 (N.D. Cal 2006) ................................................................... 9

*Griswold v. Connecticut*,
  381 U.S. 479 (1965) ....................................................................................... 6

*Idaho v. Coeur d'Alene Tribe*,
  794 F.3d 1039 (9th Cir. 2015) ....................................................................... 4

*Jun Yu v. Idaho State Univ.*,
  No. 4:15-CV-00430-REB, 2017 WL 1158813 (D. Idaho Mar. 27, 2017) ............................................................................................................. 8

*Krauss v. Nassau Community College*,
  469 N.Y.S.2d 553 (N.Y. Sup. 1983) .............................................................. 8

*Mattel, Inc. v. Walking Mountain Prods.*,
  353 F.3d 792 (9th Cir. 2003) ......................................................................... 5

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

ii.

# TABLE OF AUTHORITIES
## (CONTINUED)

**PAGE**

*Mission Power Eng'g Co. v. Continental Cas. Co.*,
   883 F.Supp. 488 (C.D. Cal. 1995) .................................................................. 4

*Moon v. SCP Pool Corp.*,
   232 F.R.D. 633 (C.D. Cal. 2005) ..................................................................... 5

*Pacific Gas and Elec. Co. v. Lynch*,
   2002 WL 32812098 (N.D. Cal. Aug. 19, 2002) .............................................. 5

*Ragge v. MCA/Universal Studios*,
   165 F.R.D. 601 (C.D. Cal. 1995) ..................................................................... 7

*In re: Remec, Inc. Sec. Litig.*,
   2008 U.S. Dist. LEXIS 47412 (S.D. Cal., May 30, 2008) .............................. 9

*Rios v. Read*,
   73 F.R.D. 589 (D.C.N.Y. 1977) ...................................................................... 8

*Smith v. Midland Brake, Inc.*,
   162 F.R.D. 683 (D.Kan., 1995) ....................................................................... 4

*Tribula v. SPX Corp.*,
   2009 WL 87269 (E.D. Mich. Jan. 12, 2009) ................................................... 8

*Yu Lin v. University of Nebraska*,
   2006 WL 680898 (D. Neb. Mar. 16, 2006) ..................................................... 8

**Statutes**

20 U.S.C. § 1232g (1982) ...................................................................................... 7

Act of Dec. 31, 1974, Pub.L. No. 93-568, 1974 .................................................... 7

Family Education and Privacy Rights Act ............................................................ 7

FERPA .................................................................................................................... 7

FLSA ................................................................................................................ 6, 9

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

# TABLE OF AUTHORITIES
### (CONTINUED)

**PAGE**

**Other Authorities**

CA. Const. art. I, § 1 ................................................................................................ 6

Fed. Rule Civ. Proc. 45(c)(3)(A)(iii-iv) .................................................................. 4

Federal Rule of Civil Procedure 26 ............................................................... 5, 9, 10

Federal Rules of Civil Procedure Rule 45 ..................................................... 4, 5, 10

Judge William W. Schwarzer, Judge A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* ¶ 11:991 (2007) .......................... 6

Local Rule 7-19.1 ..................................................................................................... 1

Rule 26 ........................................................................................................... 5, 9, 10

United States Constitution ....................................................................................... 6

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

iv.

**TO THE CLERK OF THE ABOVE ENTITLED COURT, SPECIAL MASTER, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

Defendants Southwest Fuel Management, Inc., California Payroll Group, Inc., Goldenwest Solutions Group, Inc., Martin Lizarraga and Vahid David Delrahim (collectively "Defendants") and non-party Shannon Pooneh Delrahim ("Ms. Delrahim") bring this *Ex Parte Application* ("Application") for an order quashing, or alternatively, a protective order, regarding Plaintiff Secretary of Labor Edward C. Hugler's ("Plaintiff") subpoena to Pepperdine University for educational records of Ms. Delrahim.

Pursuant to Local Rule 7-19.1, Defendants provided Plaintiff with notice of this Application. Declaration of Rebecca Aragon (Aragon Decl.), ¶ 6, Exh. A. Plaintiff intends to oppose the Application. Aragon Decl., ¶ 7, Exh. C.

## I. INTRODUCTION

Plaintiff's subpoena for Ms. Delrahim's educational records is overly broad in scope and infringes upon Ms. Delrahim's constitutional privacy rights. Ms. Delrahim, the 21-year-old daughter of Defendant Vahid David Delrahim, is not a party to this litigation[2]. Notwithstanding the unnecessarily overbroad subpoena, Plaintiff refused to refrain from serving the subpoena to allow the Parties sufficient opportunity to meet and confer regarding the scope of the subpoena and deprived Defendants of the opportunity to bring a regularly noticed motion to seek relief by providing Notice of Issuance of Subpoena at 9:55 a.m. on April 14, 2017, which calls for production of records three business days later on April 19, 2017. Aragon Decl., ¶¶ 3, 4, Exhs. A and B. Defendant immediately requested to meet and confer regarding the scope of the subpoena and requested that Plaintiff refrain from serving the subpoena on Pepperdine University until the parties had an opportunity to meet and confer in good faith, but Plaintiff refused. *Id*. Accordingly, Defendants and Ms. Delrahim have been

---

[2] Plaintiff has moved to file a Second Amended Complaint in order to name Ms. Delrahim as a Defendant.

forced to bring this Application to prevent disclosure of Ms. Delrahim's private and irrelevant educational records.

Plaintiff's subpoena seeks production of the following records from non-party deponent Pepperdine University:

1) All educational records of Shannon Pooneh Delrahim, including the following:
   a) All student transcripts of Shannon Pooneh Delrahim.
   b) Documents sufficient to show the dates of enrollment in any course or program of study by Shannon Pooneh Delrahim.
   c) Documents sufficient to show the scheduled meeting times (days of week and times) of any course in which Shannon Pooneh Delrahim enrolled.
   d) Any Application for Admission submitted by Shannon Pooneh Delrahim, including any resume submitted as part of any application.
   e) Documents sufficient to show any degree(s) earned by Shannon Pooneh Delrahim as well as the date(s) on which the degree(s) were conferred.
   f) Documents sufficient to show Shannon Pooneh Delrahim's date of birth.
   g) Documents sufficient to show any positions of employment held by Shannon Pooneh Delrahim from 2009 to the present.

Aragon Decl., ¶ 4, Exh. B.

Defendants and Ms. Delrahim acknowledge that Plaintiff is entitled to subpoena records which establish the dates that Ms. Delrahim was enrolled as a student at Pepperdine University since Defendants have opposed Plaintiff's Motion to File a Second Amended Complaint to name Ms. Delrahim as a defendant on the basis that Ms. Delrahim was a student at Pepperdine University from June 2013 through mid-2016, and therefore did not serve as Defendants' Human Resources Manager (Dkt. No. 89); however, Plaintiff's subpoena goes beyond seeking to confirm enrollment dates, and instead overreaches and intrudes upon Ms. Delrahim's privacy rights by subpoenaing her college application, letters of reference/recommendation, resumes, transcripts, degrees earned, records related to her employment, and class schedule.

None of these documents are relevant to the issues in this litigation. Plaintiff's fishing expedition should not be allowed as it comes at the expense of Ms. Delrahim's privacy rights. Furthermore, Plaintiff already deposed Ms. Delrahim, and to the extent that any of this information was relevant and not confidential, it should and could have been sought at that time. Aragon Decl., ¶ 8. Accordingly, Defendants and Ms. Delrahim respectfully request that Plaintiff's subpoena to Pepperdine University be quashed, or alternatively a protective order be issued to limit Plaintiff's subpoena to confirm only Ms. Delrahim's dates of enrollment at Pepperdine University and degrees earned.

## II.  LEGAL ARGUMENT

### A. Plaintiff Has Created Exigent Circumstances Which Warrant This *Ex Parte* Application.

Defendants and Ms. Delrahim bring this Application because Plaintiff insisted on issuing a subpoena to Pepperdine University, which calls for production of Ms. Delrahim's private and irrelevant educational records on April 19, 2017. Aragon Decl., ¶ 4, Exh. B. Defendants first learned of the subpoena on April 14, 2017, at 9:55 a.m. when Plaintiff emailed Defendants a Notice of Issuance of Subpoena stating the subpoena would be served later that day. Aragon Decl.,¶ 3, Exh. A. Upon receipt of the Notice of Issuance of Subpoena, an hour later, Defendants apprised Plaintiff that the subpoena was overbroad and infringed upon Ms. Delrahim's privacy rights, and requested that Plaintiff refrain from serving the subpoena on Pepperdine University until the parties had an opportunity to meet and confer, requesting available dates to meet and confer the following week. Aragon Decl., ¶ 5, Exh. A. Plaintiff responded stating that he was not going to refrain from service, and did not provide any dates and times to meet and confer. *Id*.

Given the date of production is April 19, 2017, Defendants do not have the opportunity to bring a regularly noticed motion to quash or a motion for protective order. Additionally, given Defendants only received notice of the subpoena three

business days before the date of production, Plaintiff has created the exigent circumstances, which warrant this Application. Defendants and Ms. Delrahim "will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures." *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F.Supp. 488, 492 (C.D. Cal. 1995). Additionally, Defendants and Ms. Delrahim are not merely seeking monetary relief, but the subpoena pertains to Ms. Delrahim's privacy rights. *Cf. Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015) (purely economic harm is generally not irreparable harm).

Accordingly, Defendants and Ms. Delrahim bring this Application because a regularly noticed motion is not an option because once Pepperdine University complies with Plaintiff's subpoena on April 19, 2017, the damage will have been done and Ms. Delrahim's privacy rights will have been violated. [3]

**B. The Court is Empowered to Quash the Subpoena.**

This Court has the power and duty to protect Ms. Delrahim[4], a non-party, from invasive and harassing discovery. Rule 45 of the Federal Rules of Civil Procedure ("FRCP") provides that the Court by which a subpoena was issued shall quash or modify the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies" or if the subpoena "subjects a person to undue burden." Fed. Rule Civ. Proc. 45(c)(3)(A)(iii-iv). "If the sought-after documents are not relevant nor calculated to lead to the discovery of admissible evidence, then any

[3] To the extent the Court denies Defendants and Ms. Delrahim's Application, Defendants and Ms. Delrahim request that the Court stay the date of production of records to allow Defendants and Ms. Delrahim to bring a regularly noticed Motion to Quash.

[4] Ms. Delrahim has a right of privacy, and privacy interests, in the documents requested by the subpoena, which are additionally irrelevant to this action, and standing to bring this motion. A motion to quash or object to a subpoena may be made by a witness if she has a personal right or privilege with respect to the subject matter requested in the subpoena. *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan., 1995); *Broadcort Capital Corp. v. Flagler Securities, Inc.,* 149 F.R.D. 626, 628 (D.Colo., 1993).

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

burden whatsoever imposed * * * would be by definition 'undue'." *Pacific Gas and Elec. Co. v. Lynch,* 2002 WL 32812098, *1 (N.D. Cal. Aug. 19, 2002) (citing *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D. Cal. 1995)); *See*, *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 813 (9th Cir. 2003) (holding subpoenas properly quashed where found to be overbroad and subpoena were "served for the purpose of annoying and harassment and not really for the purpose of getting information.").

### C.  Plaintiff's Subpoena Is Overbroad and Does Not Seek Relevant Information.

The FRCP Rule 26 governs discovery. Parties may only obtain discovery that is relevant to any party's claim or defense. A party is only entitled to receive relevant information.

Rule 26(b)(1) states:

(b) Discovery Scope and Limits.

(*1*) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

All discovery is subject to the limitations imposed by Rule 26. Courts have recognized that "[a]lthough irrelevance is not among the litany of enumerated reasons for quashing a subpoenas found in Rule 45, courts have incorporated relevance as factor when determining motions to quash a subpoena." *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 637 (C.D. Cal. 2005) (citing *Goodyear Tire & Rubber Co. v.*

*Kirk's Tire & Auto Servicenter,* 211 F.R.D. 658, 662 (D. Kan. 2003)).

In this Fair Labor Standards Act (FLSA) action against Defendants for failure to pay waiting time wages, Ms. Delrahim's (the 21-year-old daughter of Defendant Mr. Delrahim) college transcripts, her course schedule, applications for admission including attached resumes, and positions of employment are not relevant to any claims of defenses in this litigation. Defendants concede the dates of enrollment and degrees earned are potentially relevant since Defendants opposed Plaintiff's Motion to File a Second Amended Complaint to name Ms. Delrahim as a defendant on the several grounds, including that Ms. Delrahim was not the Human Resources Manager for the Delrahim Enterprises after June 2013 (the time period relevant to the litigation) but a part-time intern, and a full-time student at Pepperdine University during that time. Dtk. 89. Plaintiff's college application, grades, course schedule, and resume are not relevant to whether Ms. Delrahim was indeed enrolled at Pepperdine University beginning June 2013 through sometime in mid-2016, when she graduated.

As drafted, Plaintiff's subpoena is overbroad and seeks irrelevant information pertaining to Ms. Delrahim's education. At most all that is relevant is Ms. Delrahim's dates of enrollment and the degrees she earned. The remaining categories[5] are overly broad and should be quashed.

### D. The Subpoena Seeks Confidential and Private Education Records.

The law is well established that private information may be shielded from discovery if such disclosure would impair a person's privacy rights, which are guaranteed by the California Constitution and the United States Constitution. *Griswold v. Connecticut,* 381 U.S. 479, 484 (1965); CA. Const. art. I, § 1; Judge

---

[5] Additionally, Plaintiff could seek the other information through less intrusive means. For example, Plaintiff deposed Ms. Delrahim, and failed to ask her date of birth, her degrees earned, and her course schedule. Aragon Decl., ¶ 8; *Anderson v. Abercrombie & Fitch Stores, Inc.,* No. 06CV991-WQH(BLM), 2007 WL 1994059, at *1 (S.D. Cal. July 2, 2007) (district courts have broad authority to limit the scope of discovery, including discovery which cumulative, duplicative, and can be obtained from other sources) (*citing* FRCP 23(b)(2)(c)).

William W. Schwarzer, Judge A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* ¶ 11:991, at 11-102 (2007) (noting that federal courts generally recognize that a right of privacy may be raised in response to discovery requests).

To determine whether private information should be disclosed, courts balance the need for the information sought against the claimed right of privacy. *Ragge v. MCA/Universal Studios,* 165 F.R.D. 601, 604-605 (C.D. Cal. 1995); *Ceramic Corp. of Am. V Inka Maritime Corp.,* 163 F.R.D. 584, 589 (C.D. Cal. 1995). If the court decides that disclosure of the information should be compelled, "the scope of disclosure will be narrowly circumscribed; such an invasion of the right to privacy must be drawn with narrow specificity and is permitted only to the extent necessary for a fair resolution of the lawsuit." *Davis v. Leal,* 43 F.Supp.2d 1102, 1110-11 (E.D. Cal. 1999) (citing *Moskowitz v. Superior Court,* 137 Cal.App.3d 313, 316 (1982)). Accordingly, even if the Court found that the subpoena would reveal some relevant evidence, the Court must carefully balance Plaintiff's need for such information with Ms. Delrahim's fundamental right of privacy.

Congress, recognizing that students have an expectation of privacy in their educational records enacted the Family Education and Privacy Rights Act ("FERPA") to protect that expectation. 20 U.S.C. § 1232g (1982); Act of Dec. 31, 1974, Pub.L. No. 93-568, 1974 U.S. Code Cong. & Ad. News 6779. FERPA provides that federal funds shall be withdrawn if a school or university reveals records containing identifying data, including academic work, to persons outside an educational institution without a students' consent. *Id.* Although the statute does not, by its express terms, exempt school records from discovery under the Federal Rules of Civil Procedure, this does not mean that a student's privacy or confidentiality interest in her education records is automatically overridden whenever a subpoena is sent to review them. As one district court noted "privacy violations are no less objectionable simply because release of the records is obtained pursuant to judicial approval unless, before

approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students." *Rios v. Read,* 73 F.R.D. 589, 599 (D.C.N.Y. 1977) (citing Sen. Rep. No. 93-1026, 93rd Cong., 2nd Sess. 187, reprinted in (1974) U.S. Code Cong. & Admin. News, p. 4251).

Given FERPA's underlying privacy concerns, a party has a *higher* burden seeking access to student records to justify disclosure than with the discovery of other types of non-private records. *Jun Yu v. Idaho State Univ.,* No. 4:15-CV-00430-REB, 2017 WL 1158813, at *2 (D. Idaho Mar. 27, 2017); *Ellis v. Cleveland Municipal School Dist.,* 309 F.Supp.2d 1019, 1023 (N.D. Ohio 2004); *Rios v. Read,* 73 F.R.D. 589, 598 (D.C.N.Y. 1977); *Krauss v. Nassau Community College,* 469 N.Y.S.2d 553, 555 (N.Y. Sup. 1983). Because Plaintiff cannot offer sufficient evidence to demonstrate the substantial relevance of the educational records to override Ms. Delrahim's privacy interest in her educational records, disclosure must be denied. *Yu Lin v. University of Nebraska,* 2006 WL 680898, * 1 (D. Neb. Mar. 16, 2006) (citing FERPA's underlying privacy concerns in granting a protective order to prevent the plaintiff from requesting academic records of other students "in the absence of a definite explanation by plaintiff about why she needs the requested records"); *Tribula v. SPX Corp.,* 2009 WL 87269, at *3 (E.D. Mich. Jan. 12, 2009); *Bertl v. City of Westland,* 2007 WL 2021836, at *1-2 (E.D. Mich. July 12, 2007) (request for "school records" was "harassing" and "oppressive," because records had "at best extremely marginal relevance" to claim). "[T]he party seeking disclosure [of educational records] is required to demonstrate a genuine need for the information that outweighs the privacy interest of the students," and Plaintiff cannot come close to doing that here. *Rios, supra,* 73 F.R.D. at 599.

Plaintiff insists that the subpoena is appropriate because Plaintiff must be able to determine if Ms. Delrahim was a full-time student during the relevant time, the dates and times of her courses, and her representations regarding her employment. Aragon Decl., ¶ 7, Exh. C. Ms. Delrahim's class schedule, grades, and her

representations regarding her employment on her application are not necessary to establish that Ms. Delrahim was or was not an "employer" within the meaning of FLSA. On balance, the scale tips in favor of protecting Ms. Delrahim's privacy rights and prohibiting Plaintiff's fishing expedition in an attempt to discredit Ms. Delrahim.

### E. If the Court is Not Inclined to Quash Plaintiff's Subpoena, Defendants Request a Motion for Protective Order Be Issued.

Federal Rule of Civil Procedure 26(c) empowers the Court to issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. "Rule 26 also specifies that all discovery is subject to the limitations imposed by Rule 26(b)(2)(i), which requires that discovery methods be limited where the discovery sought is unreasonably cumulative or duplicative, is obtainable from some source more convenient, less burdensome, or less expensive..., or the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case..., the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal 2006) (internal punctuation omitted).

Where there is a lack of relevance, the Court may issue a protective order. *See e.g., In re*: *Remec, Inc. Sec. Litig.*, 2008 U.S. Dist. LEXIS 47412, *4 (S.D. Cal., May 30, 2008) ("A party can move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interests are jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to nonparties which seek irrelevant information").

Here, the information Plaintiff seeks is not relevant to any claims or defenses, but means to continue to harass Ms. Delrahim who has already been deposed by Plaintiff. Aragon Decl., ¶ 8. Other than Ms. Delrahim's dates of enrollment and degrees conferred, no other information is relevant to any issues in this case. Accordingly, Defendants request that the Court issue a protective order limiting the scope Plaintiff's subpoena to Pepperdine University to only records which confirms

the dates of enrollment for Ms. Delrahim and the degrees conferred.

### III. CONCLUSION

For the foregoing reasons, Defendants and Ms. Delrahim respectfully request that this Court quash the subpoena to Pepperdine University for Ms. Delrahim's educational records pursuant to Rule 45, or, in the alternative, enter a protective order pursuant to Federal Rule of Civil Procedure 26 limiting the subpoena to only seek records confirming the dates of enrollment.

Dated: April 18, 2017

        */s/ Rebecca M. Aragon*
REBECCA M. ARAGON
JESSICA S. KANG
LITTLER MENDELSON, P.C.
Attorneys for Defendants
Southwest Fuel Management, Inc. dba
Brea Car Wash & Detail Center,
Goldenwest Solutions Group, Inc.,
California Payroll Group, Inc., Vahid
David Delrahim and Martin Lizarraga

Firmwide:147073221.2 090117.1001

10.