REBECCA M. ARAGON, Bar No. 134496
raragon@littler.com
JESSICA S. KANG, Bar No. 273221
jkang@littler.com
LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA  90071
Telephone:   213.443.4300
Facsimile:    213.443.4299

Attorneys for Defendants
SOUTHWEST FUEL MANAGEMENT, INC.
DBA BREA CAR WASH DETAIL CENTER &
CASTROL EXPRESS LUBE, VAHID DAVID
DELRAHIM AND MARTIN LIZARRAGA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD HUGLER,[1] Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHWEST FUEL MANAGEMENT, INC., dba BREA CAR WASH & DETAIL CENTER, a California corporation; VAHID DAVID DELRAHIM, an individual, and as managing agent of the Corporate Defendants; MARTIN LIZARRAGA, an individual, and as managing agent of the Corporate Defendants; GOLDENWEST SOLUTIONS GROUP, INC., a California corporation; and CALIFORNIA PAYROLL GROUP, INC., a California corporation,<br><br>Defendants. | Case No.  2:16-cv-4547 FMO (AGRx)<br><br>**DISCOVERY MATTER REFERRED TO SPECIAL MASTER**<br><br>*HON. FERNANDO M. OLGUIN MAGISTRATE HON. ALICIA G. ROSENBERG*<br><br>**DECLARATION OF REBECCA ARAGON IN SUPPORT OF DEFENDANTS' AND SHANNON DELRAHIM'S EX PARTE APPLICATION TO QUASH PLAINTIFF'S SUBPOENA TO PEPPERDINE UNIVERSITY, ALTERNATIVELY, REQUEST FOR A PROTECTIVE ORDER LIMITING THE SCOPE OF THE SUBPOENA**<br><br>Discovery Cutoff: August 11, 2017<br>Complaint Filed:  June 23, 2016<br>Trial Date:             February 27, 2018 |

---

[1] On January 20, 2017, Edward Hugler replaced Secretary of Labor Thomas E. Perez as Acting Secretary of Labor. The caption has been amended to reflect this change.

# DECLARATION OF REBECCA M. ARAGON

1. I am an attorney at law duly licensed to practice before all of the courts of this State and before this United States District Court. I am a shareholder with Littler Mendelson P.C., and am counsel for Defendants Southwest Fuel Management, Inc. dba Brea Car Wash Detail Center & Castrol Express Lube, Vahid David Delrahim and Martin Lizarraga (collectively "Defendants") and non-party Shannon Pooneh Delrahim ("Ms. Delrahim"), in the above captioned action.

2. The following is true and correct to the best of my knowledge and belief and I could and would competently testify to such if called as a witness.

3. On Friday, April 13, 2017, at 9:55 a.m., I received an email from Plaintiff Secretary of Labor Edward C. Hugler's ("Plaintiff") counsel, Nancy E. Steffan, with a Notice of Subpoena to Pepperdine University pursuant to Federal Rules of Civil Procedure, Rule 45, which sought the education records of Ms. Delrahim. Attached hereto as **Exhibit A** is a true and correct copy of the email from Ms. Steffan and **Exhibit B** is the Notice of Issuance of Subpoena.

4. Upon review of the subpoena, I noted that Plaintiff called for production of the following categories of information by April 19, 2017 (only three business days after I received the Notice of Subpoena):

> All educational records of Shannon Pooneh Delrahim, including the following:
>
> **a.** All student transcripts of Shannon Pooneh Delrahim.
>
> **b.** Documents sufficient to show the dates of enrollment in any course or program of study by Shannon Pooneh Delrahim.
>
> **c.** Documents sufficient to show the scheduled meeting times (days of week and times) of any course in which Shannon Pooneh Delrahim enrolled.
>
> **d.** Any Application for Admission submitted by Shannon Pooneh Delrahim, including any resume submitted as part of any

application.

e. Documents sufficient to show any degree(s) earned by Shannon Pooneh Delrahim as well as the date(s) on which the degree(s) were conferred.

f. Documents sufficient to show Shannon Pooneh Delrahim's date of birth.

g. Documents sufficient to show any positions of employment held by Shannon Pooneh Delrahim from 2009 to the present.

5. On April 14, 2017, approximately an hour after I received Plaintiff's email, I responded advising Plaintiff that the subpoena was overbroad and infringed upon Ms. Delrahim's privacy rights. I request that Plaintiff refrain from serving the subpoena until the Parties had time to meet and confer the following week, and requested a date and time to meet and confer. Plaintiff responded to my email and stated that Plaintiff was not going to refrain from serving the subpoena. *See* **Exhibit A**.

6. On April 14, 2017, let with no choice, since Plaintiff refused to refrain from serving the subpoena until the Parties had an opportunity to meet and confer, and with the production date set for April 19, 2017, my office prepared an *ex parte* application to quash the subpoena, and emailed it to Plaintiff on April 14, 2017, in an effort to further meet and confer and avoid motion practice. In the email, I also advised Plaintiff that Defendants and Ms.Delrahim would move *ex parte* for an order quashing the subpoena, or alternatively, a protective order on April 18, 2017. *See* **Exhibit A.**

7. On April 17, 2017, I received a response from Plaintiff, whereby Plaintiff did not refuse to limit any of the categories of information being sought, but agreed to remove the language "All educational records of Shannon Pooneh Delrahim." I responded to Plaintiff and advised her that the revision was insufficient as it still sought all the same categories of records, and provided additional legal authority for

our position. I also gave notice again of Defendants' and Ms. Delrahim's intent to move *ex parte* on April 18, 2017. Attached hereto as **Exhibit C** is a true and correct copy of our email exchange on April 17, 2017, whereby Plaintiff advised that she intended to oppose Defendants' and Ms. Delrahim's *ex parte* application.

8. Ms. Delrahim was deposed by Plaintiff on January 11, 2017. During her deposition, Ms. Delrahim testified she was a Human Resources Manager for Delrahim Enterprises or Goldenwest Solutions Group from May 2009 until June 2013, when she left the company to go to school full time at Pepperdine University. During the deposition, Plaintiff did not ask any questions to confirm Ms. Delrahim's birthdate, class schedule, and degrees earned.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of April, 2017, at Los Angeles, California.

                                    */s/ Rebecca M. Aragon*
                                     Rebecca M. Aragon

LITTLER MENDELSON, P.C.
633 West 5th Street
63rd Floor
Los Angeles, CA 90071
213.443.4300

3.

# EXHIBIT A

| | |
|---|---|
| **From:** | Aragon, Rebecca M. |
| **Sent:** | Friday, April 14, 2017 5:49 PM |
| **To:** | Nardecchia, Natalie - SOL; Steffan, Nancy E - SOL |
| **Cc:** | Kang, Jessica |
| **Subject:** | RE: Hugler v. Southwest - subpoena |
| **Attachments:** | SOUTHWEST_Perez - Def. Ex Parte Application re MTQ and Protective Order ....docx |

Counsel:

We disagree with your position. Ms. Delrahim's grades, college application, course schedule, and other documents requested in the subpoena are not relevant to this litigation. Arguably, only Ms. Delrahim's dates of enrollment are minimally relevant given Ms. Delrahim's deposition testimony regarding her status as a student. Given the date of production is three business days from today, and you have refused to meet and confer prior to issuing the subpoena, Defendants and Ms. Delrahim will move ex parte for an application seeking to quash the subpoena, alternatively, seek a protective order to limit the scope of the subpoena. Attached for your review is the draft ex parte application, which sets forth the legal authority for our position. Please review, and advise if you will agree to reconsider your position and limit the subpoena and/or intend to oppose the ex parte application, which we intend to file on April 18, 2017.

Thank you.


**Rebecca Aragon,** Shareholder
213.443.4283 direct   RAragon@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** Nardecchia, Natalie - SOL [mailto:Nardecchia.Natalie@dol.gov]
**Sent:** Friday, April 14, 2017 11:19 AM
**To:** Aragon, Rebecca M.; Steffan, Nancy E - SOL; Kang, Jessica
**Subject:** RE: Hugler v. Southwest - subpoena

Ms. Aragon:

The Secretary is not going to refrain from serving the subpoena or requesting from Pepperdine the production date of April 19, 2017.

The Secretary has an urgent need for the information sought from Pepperdine in light of the representations made in Defendants' filing yesterday to the Court.

Finally, we struggle to see any basis for your assertion regarding privacy rights – particularly since Defendants have made this responsive information a central part of their argument to the Court.

Natalie

1

Natalie Nardecchia
U.S. Department of Labor
Office of the Solicitor
213 894-3284

---

**From:** Aragon, Rebecca M. [mailto:RAragon@littler.com]
**Sent:** Friday, April 14, 2017 11:09 AM
**To:** Steffan, Nancy E - SOL; Kang, Jessica
**Cc:** Nardecchia, Natalie - SOL
**Subject:** RE: Hugler v. Southwest - subpoena

Counsel:

We are in receipt of the Notice of Issuance of Subpoena to Pepperdine University Pursuant to FRCP 45. You gave us notice just a hour ago. We believe that the subpoena is overbroad and infringes upon Ms. Delarhim's privacy rights. Given the production date is set for April 19, 2017, and we just received notice of the subpoena, we request that you refrain from serving the subpoena until we have had the opportunity to meet and confer regarding the scope of the subpoena. Please advise if you will agree to do so, and please advise what days next week we can meet and confer.

Sincerely,

Rebecca Aragon


**Rebecca Aragon,** Shareholder
213.443.4283 direct   RAragon@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

**Littler** | littler.com
**Employment & Labor Law Solutions Worldwide**

---

**From:** Steffan, Nancy E - SOL [mailto:Steffan.Nancy.E@dol.gov]
**Sent:** Friday, April 14, 2017 9:55 AM
**To:** Aragon, Rebecca M.; Kang, Jessica
**Cc:** Nardecchia, Natalie - SOL
**Subject:** Hugler v. Southwest - subpoena

Counsel:

Pursuant to Rule 45(a)(4), attached please find a subpoena that the Secretary intends to serve on Pepperdine University today.

If you have questions, please let us know.

Nancy E. Steffan
Attorney
USDOL, Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071

Phone (213) 894-5366 Fax (213) 894-2064
Steffan.Nancy.E@dol.gov

*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*

-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT B

Janet M. Herold
Regional Solicitor
Susan Seletsky
Counsel for FLSA
**Natalie Nardecchia**
Trial Attorney (CSBN #246486)
**Nancy E. Steffan**
Trial Attorney (CSBN #280958)
Office of the Solicitor
United States Department of Labor
350 South Figueroa Street, Suite 370
Los Angeles, California 90071-1202
Telephone: (213) 894-5366
Facsimile: (213) 894-2064
Steffan.Nancy.E@dol.gov
Attorneys for the Plaintiff
Secretary of Labor

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **EDWARD C. HUGLER,**[1] Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **SOUTHWEST FUEL MANAGEMENT, INC., dba BREA CAR WASH & DETAIL CENTER,** a California corporation; **VAHID DAVID DELRAHIM,** an individual, and as managing agent of the Corporate Defendants; **MARTIN LIZARRAGA,** an individual, and as managing agent of the Corporate Defendants; **GOLDENWEST SOLUTIONS GROUP, INC.,** a California corporation; and **CALIFORNIA PAYROLL GROUP, INC.,** a California corporation, <br><br> Defendants. | Hon. Fernando M. Olguin <br><br> Case No.: 2:16-cv-4547-FMO-AGRx <br><br> **NOTICE OF ISSUANCE OF SUBPOENA TO PEPPERDINE UNIVERSITY PURSUANT TO FRCP 45** <br><br> Date: April 19, 2017 <br> Time: 10:00 am <br><br> Discovery Cutoff: August 11, 2017 <br> Pretrial Conference: February 9, 2018 <br> Trial: February 27, 2018 |

---

[1] On January 20, 2017 Edward C. Hugler was appointed the Acting Secretary of Labor. Pursuant to FRCP 25(d) Mr. Hugler is substituted as the Plaintiff in this action.

NOTICE OF ISSUANCE OF SUBPOENA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

   PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, counsel for the Secretary of Labor is issuing a subpoena for records and inspection to Pepperdine University. The date and time of requested compliance is April 19, 2017 at 10:00 am. A copy of the subpoena is attached hereto.

Dated: April 14, 2017

NICHOLAS C. GEALE
Acting Solicitor of Labor
JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Counsel for FLSA

/s/ Nancy E. Steffan
NANCY E. STEFFAN, Trial Attorney
Attorneys for Secretary of Labor
U.S. Department of Labor

NOTICE OF ISSUANCE OF SUBPOENA

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Edward Hugler, Acting Sec'y of Labor, U.S.D.O.L. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 2:16-cv-4547-FMO |
| Southwest Fuel Management, Inc. et al. ) | |
| ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Pepperdine University

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see attachment.

| Place: U.S. Dep't of Labor, Office of the Solicitor<br>350 S. Figueroa St., Ste. 370, Los Angeles, CA 90071<br>OR by email to Steffan.Nancy.E@dol.gov | Date and Time:<br><br>04/19/2017 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  04/14/2017

*CLERK OF COURT*

　　　　　　　　　　　　　　　　　　　　　　　　　OR

_____    /s/ Nancy E. Steffan
*Signature of Clerk or Deputy Clerk*　　　　　　　　　*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Edward Hugler, Acting Secretary of Labor, U.S. Department of Labor, who issues or requests this subpoena, are:
Nancy E. Steffan, 350 S. Figueroa, Ste. 370, Los Angeles, CA 90071; 213-894-5366; Steffan.Nancy.E@dol.gov

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-4547-FMO

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## Attachment to Subpoena

The following documents are requested by this subpoena:

1. All educational records of Shannon Pooneh Delrahim, including the following:

    a. All student transcripts of Shannon Pooneh Delrahim.

    b. Documents sufficient to show the dates of enrollment in any course or program of study by Shannon Pooneh Delrahim.

    c. Documents sufficient to show the scheduled meeting times (days of week and times) of any course in which Shannon Pooneh Delrahim enrolled.

    d. Any Application for Admission submitted by Shannon Pooneh Delrahim, including any resume submitted as part of any application.

    e. Documents sufficient to show any degree(s) earned by Shannon Pooneh Delrahim as well as the date(s) on which the degree(s) were conferred.

    f. Documents sufficient to show Shannon Pooneh Delrahim's date of birth.

    g. Documents sufficient to show any positions of employment held by Shannon Pooneh Delrahim from 2009 to the present.

Hugler v. Southwest Fuel Management et al.
Case No. 2:16-cv-4547-FMO (C.D. Cal.)
Attachment to subpoena to Pepperdine University
Page 1 of 1

# EXHIBIT C

**From:** Steffan, Nancy E - SOL [mailto:Steffan.Nancy.E@dol.gov]
**Sent:** Monday, April 17, 2017 4:51 PM
**To:** Aragon, Rebecca M.
**Cc:** Nardecchia, Natalie - SOL; Kang, Jessica
**Subject:** RE: Hugler v. Southwest - subpoena

Dear Rebecca:

The Secretary will oppose Defendants' Application. You have not provided any authorities that alter the Secretary's legal analysis.

Defendants' proposal to limit the subpoena "to confirm [Ms. Delrahim's] dates of enrollment at Pepperdine University and degrees earned" is insufficient as Defendants have also asserted and relied upon Ms. Delrahim's age and her status as a "full-time" student, and have made representations regarding her employment history.

Contrary to your accusation, there is no improper motivation in seeking this information, which is directly relevant to the issues being litigated and, specifically, to the Secretary's reply to Defendants' opposition to the motion to amend, which is due on Thursday.

Finally, I understand from your emails and the draft ex parte application that you sent on Friday that you represent Ms. Delrahim in relation to the subpoena. Please confirm that this is the case.

Thank you.

Nancy E. Steffan
Phone (213) 894-5366
Steffan.Nancy.E@dol.gov

*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*

**From:** Aragon, Rebecca M. [mailto:RAragon@littler.com]
**Sent:** Monday, April 17, 2017 2:34 PM
**To:** Steffan, Nancy E - SOL
**Cc:** Nardecchia, Natalie - SOL; Kang, Jessica
**Subject:** RE: Hugler v. Southwest - subpoena

Dear Counsel:

Ms. Delrahim's educational records are private, and as a non-party to this litigation, the subpoena is overly broad even with your revision, which did not actually limit any categories of information being sought. The

1

witness, a California resident, is not a party to the litigation, but rather has been dragged into the matter. Federal Courts routinely observe and protect a person's right of privacy in records, whether on the basis of mandatory application of state privacy laws in a diversity case, comity or deference to state privacy laws in a Federal question matter, the witness's federal common law right to privacy. *Griswold v. State of Connecticut,* 381 US 479, 484, 85 S.Ct. 1678, 1681 (1985); *Palay v. Superior Court,* 18 Cal.App.4th 919, 931 (1993).

While the right of privacy is not an absolute bar to discovery, the courts balance the need for the information against the privacy right of an individual. *Putnam v. Eli Lilly and Co.,* 508 F.Supp.2d 812, 814 (C.D.Cal. 2007) ( "....the Court has balanced defendant's asserted right to privacy against the relevance and necessity of the information being sought by plaintiff."); *Ragge v.MCA/Universal Studios,* 165 FRD 601, 604 (C.D. Cal. 1995).

The Secretary has failed to carry his burden to show relevance or necessity of the documents sought under the Pepperdine subpoena to overcome Ms. Delrahim's right of privacy. Contrary to the Secretary's assertion or suggestion, *Ragge, supra*, does not stand for the proposition that all personnel, employment or educational documents of any third party witness are both intrinsically necessary and universally discoverable. Rather, *Ragge* demonstrates the analytical balancing approach in determining whether a right of privacy will preclude production, and within that privacy-relevancy balancing framework *Ragge* would not allow or compel the disclosures here sought. First, *Ragge* involved the request for the personnel files of the individual defendants, all main actors and employees of the defendant employer in a sexual harassment case, circumstances where the court found the harassing actors personnel files to clearly be relevant. *Ragge v. MCA/Universal Studios, supra,* 165 FRD at 604. Second, the records requested in *Ragge* for the individual defendants were initially for their entire personnel files, but were later restricted by plaintiff to documents directly bearing on the sexual harassment and hostile work environment claims, which the court found to have struck a proper balance between the right of privacy and a legitimate need for discovery. *Id* at 605. Additionally, the Court denied discovery of documents related to credibility. *Id.* In contrast, this is an FLSA action where Ms. Delrahim is not even a party, and her course schedule, application, resume, and grades earned are not relevant to this action. Defendant will only agree to a subpoena which seeks to confirm her dates of enrollment at Pepperdine University and degrees earned.

Additionally, the Secretary deposed Ms. Delrahim, and could have asked her date of birth, which the Secretary failed to do. The Secretary could have obtained this information through less invasive means, which it failed to do at no fault of Defendants.

Lastly, the Secretary cannot go on a fishing expedition in the hopes of finding some evidence to attack Ms. Delrahim's credibility. Any claimed issue of bias or credibility of this witness is a collateral matter, with discovery of collateral educational files not mandated or necessary to ensure a fundamentally fair proceeding so as to override her privacy rights. *Shoen v. Shoen,* 48 F.3d 412, 418 (9th Cir. 1995). The Secretary's request is nothing less than an all out, scorched earth, punitive and retaliatory attempt at oppression, harassment, and character assassination of a third party witness (*cf. Mattel, Inc. v. Walking Mountain Productions,* 353 F.3d 792, 813-814 (9th Cir. 2003)) as opposed to the discovery of facts which may be relevant to issues or subject matter of the case, or may lead to the discovery of admissible evidence.

We will file an *ex parte* application tomorrow since the Secretary has refused to push back date the production from April 19, 2017, to allow the Parties to meaningfully meet and confer, and refused to substantively limit the subpoena. If you intend to oppose our Application, please let us know by 4:00 p.m. today.

Thank you.


**Rebecca Aragon,** Shareholder
213.443.4283 direct   RAragon@littler.com
633 West Fifth Street, 63rd Floor | Los Angeles, CA 90071

2

**Littler** | littler.com
Employment & Labor Law Solutions Worldwide

---

**From:** Steffan, Nancy E - SOL [mailto:Steffan.Nancy.E@dol.gov]
**Sent:** Monday, April 17, 2017 12:21 PM
**To:** Aragon, Rebecca M.; Kang, Jessica
**Cc:** Nardecchia, Natalie - SOL
**Subject:** RE: Hugler v. Southwest - subpoena

Dear Counsel:

We have reviewed your draft ex parte application. The Secretary does not agree to withdraw the subpoena because the documents requested are all relevant to this lawsuit and Defendants have not identified any privacy interest in these documents that overrides the Secretary's need for them. In the interest of avoiding motion practice, however, the Secretary will agree to limit the subpoena to the specifically-enumerated documents requested. The amended attachment to the subpoena is attached.

Each of the documents sought is relevant to the Secretary's case. *See, e.g. Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D. Cal. 1995) ("information which may simply relate to the *credibility* of a witness or other evidence in the case" is discoverable under Rule 26 (emphasis in original) (citation omitted)). Ms. Delrahim's transcripts constitute the official record of the courses in which she was enrolled and which she completed, which is relevant to establishing whether Ms. Delrahim was a full-time student during the relevant period. Ms. Delrahim's dates of enrollment, the scheduled meeting times of her courses, and the dates on which she received any degree(s) (requests (b), (c), and (e)) are relevant for the same reason. Her application(s) for admission are relevant to show the program(s) to which she applied, including whether the program was full-time or part-time, whether she would be working while enrolled, and what representations she made regarding her employment with Defendants at that time. *See Ragge*, 165 F.R.D. at 604 (allowing discovery of documents that "provide a means to compare statements made during depositions to documents maintained [by other parties]"). Documents evidencing any positions of employment held by Ms. Delrahim (request (g)) are relevant for the same reason. Finally, documents evidencing Ms. Delrahim's date of birth are relevant to Defendants' assertion that she is twenty-one.

Defendants have failed to establish any privacy interest in the requested records that would outweigh their relevance in this litigation. Defendants rely exclusively on FERPA to argue that the requested records are subject to a right to privacy. But as Defendants are undoubtedly aware, the FERPA permits disclosure of student records pursuant to subpoena so long as notice is provided prior to disclosure. 20 U.S.C. § 1232g(b)(2)(B); 34 C.F.R. § 99.31(a)(9)(i)-(ii); *see generally LaFace Records LLC v. Does 1-5*, 2008 WL 513508, at *2 (W.D. Mich. 2008) ("The subpoena provision in FERPA overrides the privacy concerns that statute protects."); *see also UMG Recordings, Inc. v. Doe*, 2008 WL 2949427 at *6 (N.D. Cal. 2008) (university may release educational records pursuant to Rule 45 subpoena as long as notice requirements are followed).

Apart from referencing FERPA, Defendants have failed to identify what type of private information might be contained in the records sought, such as transcripts, course schedules, records of degrees earned, or applications for admission. *See Ragge*, 165 F.R.D. at 604 & 605 (right to privacy not established where "requested information does not pertain to sexual, health or financial matters, areas generally considered to be private or confidential" and noting that "by its very nature, litigation has a tendency to make public the sort of information that individuals otherwise would prefer to keep private. Public disclosure, in the end, is not only natural and generally unavoidable but also necessary and healthy to a process so dependant on accuracy and truth.").

If Defendants have additional authorities to support their argument that Ms. Delrahim's student records are subject to privacy rights, please provide them.

3

Nancy E. Steffan
Attorney
USDOL, Office of the Solicitor
350 S. Figueroa St., Suite 370
Los Angeles, CA 90071
Phone (213) 894-5366 Fax (213) 894-2064
Steffan.Nancy.E@dol.gov

*This message may contain information that is privileged or otherwise exempt from disclosure under applicable law. Do not disclose without consulting the Office of the Solicitor. If you think you received this email in error, please notify the sender immediately.*