UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | R. Alexander Acosta v. Southwest Fuel Management, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): | |
| None Present | None Present | |

**Proceedings:** (In Chambers) Order Re: Ex Parte Application for an Order Staying Special Master's Order

  Having reviewed and considered all the briefing filed with respect to defendants' Ex Parte Application for an Order Staying Special Master's Order (Dkt. 115, "Application"), the court finds that oral argument is not necessary to resolve the Application, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

  On May 31, 2017, the Special Master issued an order granting plaintiff's second motion to compel and request for sanctions. (See Dkt. 111, Special Master's Order of May 31, 2017, at 26-27). In that order, the Special Master again noted that defendant is "deliberately and willfully stone-walling on discovery." (Id. at 5; Dkt. 88, Special Master's Order of April 12, 2017, at 16 & 22). In granting plaintiff's request for sanctions, the Special Master noted that her order regarding plaintiff's first motion to compel "should have made clear to Defendants that discovery [] which is identical to, or even similar to, discovery covered by the First Discovery Order is relevant[.]" (Dkt. 111, Special Master's Order of May 31, 2017, at 25). "In other words, without Plaintiff filing a motion to compel responses [], Defendants should have produced numerous responsive documents[.]" (Id.).

  Defendants contend that they will suffer "irreparable prejudice" absent a stay, (see Dkt. 115, Application at 4), because the Special Master's order requires the production of documents no later than June 12, 2017, and the deadline for filing objections to that order is June 14, 2017. (See Dkt. 111, Special Master's Order of May 31, 2017, at 26-27; Dkt. 110, Court's Order of May 26, 2017, at 1). Defendants contend that they face the choice of: "(1) violating the Special Master's Order prior to the deadline to object, or (2) producing information that it objects to producing, which information cannot be 'unproduced.'" (Dkt. 115, Application at 4). Defendants' contentions are unpersuasive.

  As an initial matter, defendants' moving papers do not set forth the legal standard this court must apply in deciding whether to stay the Special Master's discovery order. (See, generally,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | June 12, 2017 |
|---|---|---|---|
| Title | R. Alexander Acosta v. Southwest Fuel Management, et al. | | |

Application). On this basis alone, defendants' Application is subject to denial.[1] At a minimum, whatever standard of review is applied, a showing of irreparable harm is required in order for the court to stay the Special Master's discovery. Here, defendants have not made that showing.

The Supreme Court has held that an appeal of an order is not mooted when the documents are produced or testimony is given. See Church of Scientology of California v. United States, 506 U.S. 9, 12-13, 113 S.Ct. 447, 450 (1992). Although "a court may not be able to return the parties to the status quo ante – there is nothing a court can do to withdraw all knowledge or information that [plaintiff] may have acquired by examination of the [produced documents] – a court can fashion some form of meaningful relief in circumstances such as these." Id. (emphasis in original); see United States v. Anderson, 2015 WL 294831, * 2 (N.D. Cal. 2015) ("District Courts have routinely found that no irreparable injury would result from the denial of a stay pending appeal of an order enforcing compliance with an IRS summons."). In other words, should the court reverse the Special Master's order regarding plaintiff's second motion to compel, the court can fashion appropriate relief. See, e.g., Doe v. S.E.C., 2012 WL 78586, *5 (N.D. Cal. 2012) ("If the Ninth Circuit finds the subpoena improper and reverses this Court's order denying the motion to quash, this Court will require the S.E.C. to disavow reliance on any information gained from the subpoena.").

Finally, it should be noted that defendants did not argue or otherwise attempt to explain which of the Special Master's rulings are erroneous and/or why defendants believe they will succeed in their objections. (See, generally, Dkt. 115, Application). Perhaps this is because the Special Master's Order of April 12, 2017, which defendants chose not to appeal, (see, generally, Dkt.), "made clear to Defendants that discovery [] which is identical to, or even similar to, discovery covered by the First Discovery Order is relevant[.]" (Dkt. 111, Special Master's Order of May 31, 2017, at 25).

## CONCLUSION

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendants' Ex Parte Application for an Order Staying Special Master's Order (**Document No. 115**) is **denied**. Defendants shall comply with the Special Master's Order of May 31, 2017, no later than the deadline set forth in the Special Master's Order of May 31, 2017, or

---

[1] Defendants' failure to set forth the applicable legal standard undermines any claim, (see Dkt. 115, Application at 3-4), that denying a stay would violate Article III of the Constitution. In any event, as noted below, defendants are not precluded from filing their objections, and if well-founded, from obtaining appropriate relief from this court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-4547 FMO (AGRx)** | Date | **June 12, 2017** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, et al.** | | |

three business days from the filing date of this Order, whichever is later.

     2.  The Clerk shall substitute R. Alexander Costa in place of Edward C. Hugler as the named plaintiff on the docket of this action.  See Fed. R. Civ. P. 25(d).

     3.  Any party seeking to file an application or motion to stay any order issued by the Special Master after the filing date of this Order shall, in the first instance, be filed with the Special Master for her determination as to whether a stay is appropriate.  If the Special Master denies the motion or application for stay, the party may file an application or motion to stay with this court.

     4.  The parties are hereby advised that, absent a stay of the Special Master's orders by the Special Master or this court, they must comply with all of the Special Master's orders, i.e., the filing of objections or a motion for review of the Special Master's order is not sufficient to suspend the parties' obligation to comply with the Special Master's Order.  Cf. Local Rule 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge.").  The parties should not consider the Special Master's orders to be advisory or non-final simply because they may be reviewed by this court.

     5.  The Clerk shall serve a copy of this Order on the Special Master.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | vdr | |