Hon. Rosalyn M. Chapman (Ret.)
JAMS
555 West 5th Street, 32nd Floor
Los Angeles, CA 90013
213-253-9776
SPECIAL MASTER

FILED
CLERK, U.S. DISTRICT COURT

SEPT  18  2017

CENTRAL DISTRICT OF CALIFORNIA
BY: _____vdr_____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. ALEXANDER ACOSTA,[1] Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> SOUTHWEST FUEL MANAGEMENT, INC. dba BREA CAR WASH & DETAIL CENTER, a California corporation; VAHID DAVID DELRAHIM, an individual, and as managing agent of the Corporate Defendants;  MARTIN LIZARRAGA, an individual, and as managing agent of the Corporate Defendants; GOLDENWEST SOLUTIONS GROUP, INC., a California corporation; and CALIFORNIA PAYROLL GROUP, INC., a California corporation, <br> Defendants. | Case No: 2:16 CV 4547- FMO (AGRx) <br><br> (JAMS Ref. No: 1220055479) |

## ORDER AWARDING REASONABLE EXPENSES TO PLAINTIFF [DKT. 145]

On August 21, 2017, Plaintiff filed a memorandum of points and authorities supporting an award of reasonable expenses ("Memo.") [Dkt. 145] and the supporting declarations of Natalie Nardecchia ("Nardecchia Decl.") [Dkt. 145-1], M. Cristopher Santos with exhibit

---

[1]  On April 28, 2017, R. Alexander Acosta was sworn in as Secretary of Labor.  He is substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(d).  [Dkt. 100].

1

("Santos Decl.") [Dkt. 145-2], and Janet M. Herold ("Herold Decl.") [Dkt. 145-3], and on August 31, 2017, Defendants filed their Opposition to Plaintiff's Request for Attorneys' Fees re Motion for Protective Order ("Oppo.") [Dkt. 149]. On September 5, 2017, Plaintiff filed his reply ("Reply"). [Dkt. 150].

On September 15, 2017, the Special Master issued a Tentative Order Awarding Reasonable Attorney Fees and Costs to Plaintiff, which JAMS served on the parties. Oral argument was held telephonically before Hon. Rosalyn Chapman, Special Master, on September 18, 2017. Nancy E. Steffan, and M. Cristopher Santos, Trial Attorneys with the Office of the Solicitor of the Department of Labor, appeared on behalf of Plaintiff and Rebecca M. Aragon, Robert Blumberg, and Everett Clifton Martin, partners with the law firm Littler Mendelson PC, appeared on behalf of Defendants.

## DISCUSSION

## I.

On August 11, 2017, the Special Master issued an Order denying Defendants' Motion for Protective Order and request for reasonable expenses and instead granting Plaintiff's request for reasonable expenses against Defendants' counsel, Littler Mendelson P.C., pursuant to Fed. R. Civ. P. 37(a)(5)(A). [Dkt. 144]. The Order also established a briefing schedule on the award of reasonable expenses. Id. at 21. Plaintiff seeks $5,200 in attorney fees and $484.25 in costs of a transcript, for a total award of $5,684.25. Memo. at 4:16-17; Santos Decl. ¶ 7, Exh. A.

Defendants object to Plaintiff's award on three grounds: (1) the award is unjust because

Defendants motion for a protective order was substantially justified; (2) Defendants have filed a motion to review the Order denying their motion for protective order [Dkt. 146], which is pending before Judge Olguin; and (3) the Secretary's attorneys are not entitled to private law firm hourly rates as the Secretary has not "incurred" such expenses within the meaning of Rule 37. Oppo. at 3-9.

**II.**

As the Special Master noted when she previously awarded reasonable expenses to Plaintiff, "[t]he most useful starting point for determining the amount of a reasonable [attorney] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This figure has become known as the lodestar or touchstone. *See, e.g., Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) ("[C]ourts must calculate awards for attorneys' fees using the 'lodestar' method. 'The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" (citations omitted) (per curiam).).

As part of the lodestar, the courts include the hours spent by the moving party's attorneys in seeking attorney fees as time reasonably expended on the litigation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). The lodestar method is utilized by courts to calculate the award of reasonable attorney fees under Rule 37, which is a fee-shifting rule. *Marrocco v.* Hill, 291 F.R.D. 586, 590 (D. Nev. 2013); *Finley v. Hartford Life & Accident Ins. Co.*, 249 F.R.D. 329, 332 (N.D. Cal. 2008); *Jerry Beeman & Pharmacy Svcs., Inc. v. Anthem Prescription Managm't, Inc.*, 2016 WL 4940297, at *2 (C.D. Cal. 2016).

For the purposes of calculating the lodestar figure, the court (Special Master) has discretion to determine the number of hours reasonably expended on the motion or case. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The prevailing party has the initial burden of establishing that the number of hours it claims is reasonable, which may be accomplished by submitting declarations of its counsel without detailed billing records or invoices, s*ee, e.g., City of Colton v. Singletary*, 206 Cal. App. 4th 751, 784-85 (2014), or by the submission of billing records. *See, e.g., Gonzalez,* 729 F.3d at 1202; *see also United Steelworkers of Amer. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and  rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."). "Ultimately, a 'reasonable' number of hours equals '[t]he number of hours … [which] could reasonably have been billed to a private client.'" *Gonzalez,* 729 F.3d at 1202(citation omitted).

Plaintiff seeks reasonable attorney fees in the amount of $5,200 for a total of 14 hours spent by attorney Natalie Nardecchia (12 hours at $400 per hour), who was primarily responsible for opposing Defendants' motion for a protective order, and attorney M. Cristopher Santos (2 hours at $200 per hour). Their declarations show that Plaintiff's counsel spent time corresponding and meeting and conferring with Defendants' counsel, drafting the Plaintiff's portion of the joint stipulation in opposition to the motion for a protective order, preparing a supplemental memorandum, and the like. Nardecchia Decl. ¶¶ 2-3; Santos Decl. ¶¶ 2-3.  Both attorneys aver that their time estimates are conservative and represent less than the actual time

spent on matters related to the motion for a protective order.  Nardecchia Decl. ¶ 4; Santos Decl. ¶ 4.   Counsel's hours do not include actual time spent researching and writing Plaintiff's portion of the joint stipulation, internal discussions, preparing for the conference with opposing counsel, supervisors' time reviewing and editing work, and time spent preparing supporting declaration. *Ibid*.  The declarations of Nardecchia and Santos set forth in great detail the nature of the hours spent on Defendants' motion for protective order.  And Defendants do not challenge as unreasonable the number of hours submitted by Plaintiff's counsel.  It is fair to say that 14 hours are quite modest in light of the nature of the motion for a protective order.

Ms. Nardecchia graduated from the Berkeley School of Law, University of California at Berkeley, in May 2006, and has been a practicing attorney since December 2006; she was in private practice for four years.  Nardecchia Decl. ¶ 5.  In 2010, as a fourth year associate in private practice, Nardecchia was awarded $325 per hour by the Los Angeles County Superior Court, and in 2011-12, her hourly billing rate with the Legal Aid Foundation of Los Angeles was $350 per hour.   Id. ¶¶ 6-8. Mr. Santos graduated from New York University School of Law  in 2015; he was an editor of the New York University Law Review.  Santos Decl. ¶ 5.  He was admitted to practice in December 2015, and is a trial attorney with the Department of Labor.  Id. Santos seeks $200 per hour for his work, which he contends is lower than commercial market rates approved by judges in the Central District of California for associate attorneys with similar experience in the Los Angeles area.  Id. ¶ 6.

"'To inform and assist the court, … the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are

in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).).  Here, Plaintiff has submitted the declarations of Nardecchia, an attorney with 11 years' experience litigating in the Los Angeles area, and Janet A. Herold, a Harvard Law School graduate who has been the Regional Solicitor of the Department of Labor since 2012 and is an experienced complex wage and hour class action litigator, who has been awarded hourly fees of $740.   Herold Decl. ¶¶ 1-4.

Ms. Nardecchia's and Ms. Herold's declarations, as well as the Special Master's personal experience, support Plaintiff's requests for $400 per hour for legal work by Nardecchia and $200 per hour for legal work by Santos.  In fact, Defendants also do not challenge the reasonableness of the hourly rates requested for Plaintiff's counsel, and it cannot be denied that their rates are more than reasonable for legal work performed in the greater Los Angeles/Orange County area; the requested rates are quite modest.  *See, e.g., Gonzalez*, 729 F.3d at 1205 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the … court sits." (citation omitted));  *Camacho*, 523 F.3d at 979-980  ("[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" (citation omitted).).

This means that the lodestar for the legal services performed by Nardecchia and Santos totals $5,200  (Nardecchia = 12 hours x $400 per hour + Santos = 2 hours x $200).  Courts should "treat the lodestar figure as presumptively reasonable and adjust it only in rare or exceptional cases." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1989);

6

*Gonzalez*, 729 F.3d at 1202.   Here, the Special Master has not adjusted the lodestar, and finds Plaintiff is entitled to an award of reasonable attorney fees in the amount of $5,200.

Nevertheless, as noted above, Defendants make three arguments against awarding reasonable attorney fees to Plaintiff.  None of these arguments has any merit.  First, Defendants claim the award is unjust as their motion for a protective order was substantially justified.  Not so; Defendants cannot now challenge the Court's finding that their motion for protective order was not substantially justified when that ruling was made as part of consideration of the motion.

Second, Defendants contend that the Special Master should delay ruling on the award of attorney fees while the Order denying their motion for protective order is on appeal to Judge Olguin.  However, Judge Olguin has specifically advised the parties that "absent a stay of the Special Master's orders by the Special Master or this court, [Defendants] must comply with all of the Special Master's orders."  [Dkt. 117]. Here, Defendants did not file a motion to stay the Order denying Defendants' motion for protective order.

Third, Defendants argue that Plaintiff should not be awarded reasonable expenses under Rule 37(a) as his counsel are not in private practice, but are public employees working for the Secretary, which does not "incur" attorney fees.  This argument is specious; it mistakenly focuses on the word "incurred."  First, as Plaintiff notes, there are significant overhead and staffing costs attendant to the Secretary bring litigation; the Secretary does incur expenses. Second, and more importantly, Defendants' argument directly contravenes the Ninth Circuit's long-standing jurisprudence that under fee-shifting authority, whether statutory, contractual or

regulatory, the determination of a reasonable hourly rate "is not made by reference to the rates actually charged the prevailing party." *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000) (internal quotation marks and citations omitted).  Rather, hourly rates "should be established by reference to the fees that private attorneys of ability and reputation comparable to that of the prevailing counsel charge their paying clients for legal work of similar complexity."  *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (internal quotation marks and citations omitted).  In short, the courts primarily focus on the prevailing market rate for lawyers of the same skill, reputation and experience as the prevailing party's lawyers "regardless of whether [the prevailing party] is represented by private or nonprofit counsel.  Such a rule is necessary because public interest, non-profit firms may not charge their clients fees." *Guam Soc. of Obstetricians and Gynecologists v. Ada*, 100 F.3d 691, 702 (9th Cir. 1996).  Ninth Circuit's reasoning applies equally to public or government counsel, such as Nardecchia and Santos.  *See, e.g.,  Export-Import Bank of the United States v. United Cal. Discount Corp.,* 2011 WL 165312, at \*2-\*3, n. 6 (C.D. Cal. 2011) (using lodestar method to award reasonable attorney fees to Government).

Finally, the Special Master notes that, attendant to their motion for a protective order, Defendants sought reasonable expenses of approximately $15,000 – far less than Plaintiff seeks. And Defendants do not challenge as unreasonable either the number of hours of legal work performed by Plaintiff's counsel or the hourly rates claimed by Plaintiff.  In light of these factors, and the lack of merit to Defendants' Opposition to the award of reasonable expenses to Plaintiff, it appears to the Special Master that the Opposition was made for the improper purpose of

"needlessly increas[ing] the cost of litigation" within the meaning of Rule 11 of the Federal Rule of Civil Procedure. Fed. R. Civ. P. 11(b)(1), (c).

**III.**

Plaintiff also seeks reimbursement of the costs of employing a court reporter to transcribe the meet-and-confer sessions with Defendants' counsel, as required by the Court. [Dkt. 41]. Santos represents that the court reporter's costs total $484.25 for a conference held on June 7, 2017, relating to Defendants' motion for a protective order. Santos Decl. 7, Exh. A. Defendants do not object to Plaintiff's request for costs. Thus, Plaintiff is entitled to an award of costs in the amount of $484.25.

**ORDER**

1. Defendants shall pay Plaintiff R. Alexander Acosta, Secretary of Labor, reasonable expenses, including attorney fees and costs, in the total amount of $5,684.25, no later than ten (10) days from the date of this Order.

2. The Case Manager shall promptly file and serve this Order on the parties and the District Court.

September 18, 2017            By: _Rosalyn M Chapman_____
1220053347.10                Hon. Rosalyn Chapman (Ret.),
                             Special Master

9