**FILED**
**CLERK, U.S. DISTRICT COURT**

OCT 12 2017

**CENTRAL DISTRICT OF CALIFORNIA**
**BY: _____vdr_____ DEPUTY**

Hon. Rosalyn M. Chapman (Ret.)
JAMS
555 West 5th Street, 32nd Floor
Los Angeles, CA 90013
213-253-9776
SPECIAL MASTER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

R. ALEXANDER ACOSTA,[1] Secretary of Labor,       )
United States Department of Labor,                )
                                                  )
                    Plaintiff,                    )    Case No: 2:16 CV 4547- FMO (AGRx)
            v.                                     )
                                                  )     (JAMS Ref. No: 1220055479)
SOUTHWEST FUEL MANAGEMENT, INC.                    )
dba BREA CAR WASH & DETAIL CENTER,                 )
a California corporation; VAHID DAVID              )
DELRAHIM, an individual, and as managing agent )
of the Corporate Defendants;  MARTIN              )
LIZARRAGA, an individual, and as managing          )
agent of the Corporate Defendants;                )
GOLDENWEST SOLUTIONS GROUP, INC.,                  )
a California corporation; and CALIFORNIA           )
PAYROLL GROUP, INC., a California                  )
corporation,                                       )
                    Defendants.                    )
_____)

## ORDER AWARDING REASONABLE EXPENSES TO PLAINTIFF [DKT. 154]

On September 29, 2017, Plaintiff filed a memorandum of points and authorities supporting an award of reasonable expenses ("Memo.") [Dkt. 156] and the supporting declarations of  Natalie Nardecchia ("Nardecchia Decl.") [Dkt. 156-1], Nancy E. Steffan

---

[1] On April 28, 2017, R. Alexander Acosta was sworn in as Secretary of Labor.  He is substituted as Plaintiff pursuant to Federal Rule of Civil Procedure 25(d).  [Dkt. 100].

1

("Steffan Decl.") [Dkt. 156-2], and M. Cristopher Santos with exhibit ("Santos Decl.") [Dkt. 156-3].  Defendants did not file an Opposition.  This matter is decided without oral argument, pursuant to Local Rule 7-15.

## DISCUSSION

### I.

On September 19, 2017, the Special Master issued an Order denying Defendants' motion for leave to take more than ten depositions and request for reasonable expenses and instead granting Plaintiff's request for reasonable expenses against Defendants' counsel, Littler Mendelson P.C., pursuant to Fed. R. Civ. P. 37(a)(5)(B).   [Dkt. 154].   The Order also established a briefing schedule on the award of reasonable expenses, requiring Plaintiff to file his moving papers within ten days of the Order and Defendant to file an opposition within ten days of Plaintiff's filing. Id. at 21.   As noted above, Defendant has not filed an opposition to Plaintiff's application for reasonable attorney fees and costs.

Plaintiff seeks $6,475.00 in attorney fees and $238.00 in costs of a transcript, for a total award of $6,758.00.  Memo. at 2-4; Santos Decl. ¶ 7, Exh. A.  More specifically, Plaintiff claims the following attorneys performed a total of 19.25 hours of legal services opposing Defendant's motion for permission to take more than ten depositions: Natalie Nardecchia spent 12.75 hours, at the hourly rate of $400; Nancy Steffan spent .5 hour at the hourly rate of $350; and M. Cristopher Santos spent 6 at the hourly rate of $200.  Nardecchia Decl. ¶¶ 2-4; Steffan Decl. ¶¶ 2-4; and Santos Decl. ¶¶ 2-4.

As the Special Master has noted previously, "[t]he most useful starting point for determining the amount of a reasonable [attorney] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). This figure has become known as the lodestar or touchstone. *See, e.g., Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) ("[C]ourts must calculate awards for attorneys' fees using the 'lodestar' method. 'The "lodestar" is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.'" (citations omitted) (per curiam).).

The lodestar includes the hours spent by the moving party's attorneys in seeking attorney fees as time reasonably expended on the litigation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1210 (9th Cir. 2013). The lodestar method is utilized by courts to calculate the award of reasonable attorney fees under Rule 37, which is a fee-shifting rule. *Marrocco v.* Hill, 291 F.R.D. 586, 590 (D. Nev. 2013); *Finley v. Hartford Life & Accident Ins. Co.*, 249 F.R.D. 329, 332 (N.D. Cal. 2008); *Jerry Beeman & Pharmacy Svcs., Inc. v. Anthem Presciption Managm't, Inc.*, 2016 WL 4940297, at *2 (C.D. Cal. 2016).

For the purposes of calculating the lodestar figure, the court (Special Master) has discretion to determine the number of hours reasonably expended on the motion or case. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The prevailing party has the initial burden of establishing that the number of hours it claims is reasonable, which may be accomplished by submitting declarations of its counsel without detailed billing records or invoices, s*ee, e.g., City of Colton v. Singletary*, 206 Cal. App. 4th 751, 784-85 (2014), or by the

3

submission of billing records.  *See, e.g., Gonzalez,* 729 F.3d at 1202; *see also United Steelworkers of Amer. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and  rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").  "Ultimately, a 'reasonable' number of hours equals '[t]he number of hours … [which] could reasonably have been billed to a private client.'" *Gonzalez,* 729 F.3d at 1202(citation omitted).

The declarations of Plaintiff's counsel show that they spent time meeting and conferring with Defendants' counsel, drafting the Plaintiff's portion of the joint stipulation in opposition to the motion for permission to take more than ten depositions, preparing attorney fee declarations, attorney fees memorandum, and the like.  Nardecchia Decl. ¶¶ 2-4; Steffan Decl. ¶¶ 3-4; Santos Decl. ¶¶ 2-3.  The Special Master finds that spending 19.25 hours on these legal services is reasonable; thus, the hours claimed by Plaintiff are reasonable.

"'To inform and assist the court, … the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).).  Plaintiff has previously presented declarations from several attorneys who practice employment or labor law in the greater Los Angeles area to support Plaintiff's previous requests for reasonable attorney fees related to other discovery motions.  Based on those declarations, the Special Master has

previously found that the hourly rates Plaintiff seeks for Ms. Narchecchia, Ms. Steffan and Mr. Santos are reasonable for the greater Los Angeles area – in fact, the rates are lower than the prevailing market rate for attorneys of similar skills and experience in similar types of litigation. [Dkt. 143, 153].  *See, e.g., Gonzalez*, 729 F.3d at 1205 ("Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the … court sits." (citation omitted));  *Camacho*, 523 F.3d at 979-980  ("[T]he established standard when determining a reasonable hourly rate is the 'rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.'" (citation omitted).).

No evidence has been presented by Defendant to cause the Special Master to reconsider her conclusion that the hourly rates requested for Plaintiff's counsel are reasonable.  To the contrary, the reasonableness of the rates is supported by the Special Master's personal experience as a sitting judge in the federal court, as well as the declarations of Ms. Nardecchia, ¶ 9, Ms. Steffan, ¶ 5, and Mr. Santos,  ¶ 6.  Moreover, the following experiences and skills of the Plaintiff's counsel also support the reasonableness of their hourly rates:  Ms. Nardecchia graduated from the Berkeley School of Law, University of California at Berkeley, in May 2006, and has been a practicing attorney since December 2006; she was in private practice for four years.  Nardecchia Decl. ¶ 5.  In 2010, as a fourth year associate in private practice, Nardecchia was awarded $325 per hour by the Los Angeles County Superior Court, and in 2011-12, her hourly billing rate with the Legal Aid Foundation of Los Angeles was $350 per hour.  Id. ¶¶ 6-8. Ms. Steffan graduated *cum laude* from New York University School of Law in 2011.  Steffan Decl. ¶ 2.  She practiced for two years with the Solicitor's Office in Washington D.C. prior to joining the Los Angeles Regional Office in September 2013.  Id.  She seeks compensation at the

rate of $350. Mr. Santos also graduated from New York University Law School, where he was an editor of the New York University Law Review. Santos Decl. ¶ 5. He was admitted to practice in December 2015, and is a trial attorney with the Department of Labor. Id. Mr. Santos seeks $200 per hour for his work. Id. ¶ 6.

Courts should "treat the lodestar figure as presumptively reasonable and adjust it only in rare or exceptional cases." *Cunningham v. Cnty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1989); *Gonzalez*, 729 F.3d at 1202. Here, the Special Master has not adjusted the lodestar, and the Special Master finds Plaintiff is entitled to an award of reasonable attorney fees in the lodestar amount of $6,475.00.

## III.

Plaintiff also seeks reimbursement of the costs of employing a court reporter to transcribe the meet-and-confer session with Defendants' counsel, as required by the Court. [Dkt. 41]. Mr. Santos represents that the court reporter's costs total $283.00 for a conference held on June 22, 2017, relating to Defendants' motion for leave to take more than ten depositions. Santos Decl. ¶¶ 2, 7, Exh. A. Thus, Plaintiff is entitled to an award of costs in the amount of $283.00

## ORDER

1. Defendants shall pay Plaintiff R. Alexander Acosta, Secretary of Labor, reasonable expenses, including attorney fees and costs, in the total amount of $6,758.00, no later than ten (10) days from the date of this Order.

2.  The Case Manager shall promptly file and serve this Order on the parties and the District Court.


October 12, 2017                         By: _____
1220053347.11                            Hon. Rosalyn Chapman (Ret.),
                                         Special Master

7