UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | March 28, 2018 |
|---|---|---|---|
| Title | R. Alexander Acosta v. Southwest Fuel Management, Inc., et al. | | |

Present: The Honorable   Fernando M. Olguin, United States District Judge

| Vanessa Figueroa | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):　　　　　Attorney Present for Defendant(s):

　　　　None Present　　　　　　　　　　　　　　None Present

**Proceedings:**　　(In Chambers) Order Re: Pending Motions and Objections to Special Master's Orders

　　　　Having conducted a de novo review of the pending motions for review and objections to the Special Master's Orders, see Fed. R. Civ. P. 53(f)(3) & (4); (Dkt. 69, Court's Order of February 13, 2017, at 4), the court finds that oral argument is not necessary to resolve the motions or the objections, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

I.　　ORDER RE: PLAINTIFF'S REQUEST FOR SANCTIONS FOR SPOLIATION OF EVIDENCE.

　　　　In her Order Re: Plaintiff's Request for Sanctions for Spoliation of Evidence (Dkt. 99, "Spoliation Order"), the Special Master found, pursuant to Rule[1] 37(e)(1) of the Federal Rules of Civil Procedure,[2] that defendants were "precluded from using any Brea videos in any motion, at any hearing and at the bench trial[.]" (See Dkt. 99, Spoliation Order at 25 & 28). In all other respects, the Special Master denied plaintiff's motion without prejudice. (See id. at 27-28).

　　　　Defendants "do not challenge the Special Master's conclusion or order itself, but rather, the Special Master's unwarranted assertion of a presumption that 'lost information' was unfavorable."

---

[1] All "Rule" references are to the Federal Rules of Civil Procedure.

[2] Rule 37(e)(1) provides that if a party failed to preserve electronically stored information, and that information cannot be restored or replaced through additional discovery, the court "upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice[.]"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

(Dkt. 107, Objections to the Special Master's Order re: Plaintiff's Request for Sanctions for Spoliation of Evidence ("Objs. to Spoliation Order"), at 4; see Dkt. 124, Reply in Support of Objs. to Spoliation Order ("Reply re: Spoliation Order") at 1) ("Defendants clearly have no quibble with the Special Master's rulings on the motion as set forth on pages 27-28 of her order."). To the extent defendants "do not challenge the Special Master's conclusion or order itself," (Dkt. 107, Objs. to Spoliation Order at 4), then defendants have waived any objections to the Special Master's conclusions and findings with respect to Rule 37(e)(1). In any event, the court concurs with and accepts the findings and conclusions of the Special Master set forth in the Spoliation Order. That is, the court agrees that defendants Southwest Fuel Management, Inc. ("Southwest") and Vahid David Delrahim ("V. Delrahim") "made an intentional decision not to preserve the videos despite knowing the Secretary [sought] to view them." (See Dkt. 99, Spoliation Order at 23). Thus, the court will presume that the videos are unfavorable to defendants. See Fed. R. Civ. P. Rule 37(e)(2)(A) (court may "upon finding that the party acted with the intent to deprive another party of the information's use . . . presume that the lost information was unfavorable to the party"). In addition, defendants are precluded from using any Brea videos to support any motion or at any hearing or the bench trial.

II. DEFENDANTS' MOTION FOR REVIEW OF SPECIAL MASTER'S ORDER GRANTING PLAINTIFF'S SECOND MOTION TO COMPEL AND PLAINTIFF'S REQUEST FOR SANCTIONS.

In their Motion for Review of Special Master's Order ("Motion for Review re: Discovery Order"), defendants state that they "dispute the entirety" of "the Special Master's [Discovery Order,]" but "focus in particular on three requests[,]" i.e., Request Nos. 18, 30, and 48. (Dkt. 121-1, Motion for Review re: Discovery Order at 1-2). Thus, the court will conduct a de novo review of the Special Master's Order Granting Plaintiff's Second Motion to Compel; and Granting Plaintiff's Request for Sanctions, (Dkt. 111, "Discovery Order"), as it relates to those requests. In all other respects, the court concurs with and accepts the findings and conclusions of the Special Master set forth in that Discovery Order. (See Dkt. 111, Discovery Order at 26-27; Dkt. 88, Special Master's Order of April 12, 2017).

Defendants contend that the Special Master applied the wrong standard because "[t]he burden is on the moving party to demonstrate actual and substantial prejudice from the denial of discovery." (Dkt. 121-1, Motion for Review re: Discovery Order at 5). However, it is well-settled that the burden is on the objecting party to show grounds for failing or refusing to provide the requested discovery. See Superior Commc'ns v. Earhugger, Inc., 257 F.R.D. 215, 217 (C.D. Cal. 2009) ("The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."); Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007) (same); Sullivan v. Prudential Ins. Co., 233 F.R.D. 573, 575 (C.D. Cal. 2005) (same); Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied."). Further, as demonstrated below and in the Special Master's Discovery Order, defendants' assertion that the Special Master erred

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

because she ordered defendants to produce discovery in response to "convoluted and incomprehensible requests [that] are [not] relevant to the pending action[,]" (Dkt. 121-1, Motion for Review Re: Discovery Order at 5), is utterly meritless.

      A.      Request No. 30.

Request No. 30 seeks "all recordings of images of the areas where car wash employees work at all of [their] locations." (Dkt. 111, Discovery Order at 10) (internal ellipses and alterations omitted). Defendants contend that the video surveillance data is irrelevant, (see Dkt. 121-1, Motion for Review re: Discovery Order at 14), not proportional, (see id. at 15-17), and constitutes an undue burden and expense. (See id. at 17-19). Defendants also contend that Goldenwest Solutions Group, Inc. and California Payroll Group, Inc. (collectively, "entity defendants"), the entities at which Request No. 30 is directed, do not have possession, custody, or control of the video surveillance data at issue. (See id. at 14). Defendants' contentions are unpersuasive.

As an initial matter, it is clear that the video surveillance data is relevant to the claims and defenses in this action. As the Special Master found, the videos are relevant because they are used by defendants to "determine, among other things, whether to discipline employees[,]" and "would likely show how many employees are present on any day and at any time; when employees arrive for work and leave work; when employees clock in and clock out; when employees take breaks; and the like." (Dkt. 111, Discovery Order at 6).

With respect to defendants' assertion that Request No. 30 is directed at the entity defendants who do not have possession, custody, or control of at least some of the video data, (see Dkt. 121-1, Motion for Review re: Discovery Order at 14-15), there appears to be no dispute that employees of the entity defendants pull, review and store video recordings from the various car washes. (See, e.g., Dkt. 125-3, Declaration of Nancy F. Steffan ("Steffan Decl."), Exh. B, Declaration of Luis Armentilla ("Armentilla Decl.") at ¶¶ 1, 2 (information technology employee "export[s] video from the various surveillance systems in operation at the car wash locations at the request of management")). Finally, defendants complain of the undue burden and expense of producing the video surveillance data, (see Dkt. 121-1, Motion for Review re: Discovery Order at 17-18; see Dkt. 130, Reply in Support of Motion for Review ("Reply re: Discovery Order") at 5), but no evidence of the burden or expense was presented to the Special Master.[3] (See Dkt. 111, Discovery Order at 23) ("As to Request No. 30, Defendants have presented no evidence that producing the videos taken at any of the car washes is burdensome or expensive."). The court generally does not consider arguments or evidence that were not presented to the Special Master. See, e.g., Seven For All Mankind, LLC v. GenX Clothing, Inc., 2006 WL 5720346, *3 (C.D. Cal. 2006) ("The district judge will normally not consider arguments, case law, or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.").

---

    [3] Indeed, defendants admit that they are belatedly raising this argument in a later-filed motion for protective order. (See Dkt. 130, Reply re: Discovery Order at 2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

B. Request Nos. 18 and 48.

Request No. 18 seeks "all state and federal tax returns for the years 2013, 2014, 2015, and 2016[,]" and Request No. 48 seeks "all financial records, including audited financial statements, balance sheets, invoice statements, and accounts receivable." (Dkt. 111, Discovery Order at 10) (internal quotation marks omitted).

Defendants contend that the requests are solely directed at the entity defendants, and that these specific defendants do not have possession, custody, or control of at least some of the responsive documents. (See Dkt. 121-1, Motion for Review re: Discovery Order at 11). However, for the reasons set forth by the Special Master in the Discovery Order, the court rejects defendants' contentions.[4] (See Dkt. 111, Discovery Order at 17-19).

C. Conclusion.

Having conducted a de novo review of defendants' objections to the Discovery Order, the court concurs with and accepts the findings and conclusions of the Special Master set forth in that Discovery Order. (See Dkt. 111, Discovery Order; Dkt. 88, Special Master's Order of April 12, 2017).

III. DEFENDANTS' MOTION FOR REVIEW OF SPECIAL MASTER'S ORDER RE: SANCTIONS.

On August 11, 2017, the Special Master denied defendants' motion for protective order and ordered defendants' counsel, Littler Mendelson, to pay plaintiff's reasonable expenses under Rule 37(a)(5)(B). (See Dkt. 144, Order Denying Defendants' Motion for Protective Order; and Granting Plaintiff's Request for Reasonable Expenses ("Special Master's Order of August 11, 2017"), at 19-20). Defendants state that they do "not dispute the denial of Defendants' motion for a protective order" but "solely the order that Littler Mendelson pay reasonable expenses and sanctions." (See Dkt. 146-1, Defendants' Motion for Review of Special Master's Order Re Sanctions to Littler Mendelson Following Motion for Protective Order ("Motion for Review re: Sanctions Order") at 1).

Rule 37(a)(5)(B) provides that when a discovery motion is denied, the court may require the "attorney filing the motion . . . to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order

---

[4] Defendants' objection that the Special Master impermissibly pierced the corporate veil as to the entity defendants, (see Dkt. 121-1, Motion for Review Re: Discovery Order at 2-4), is unpersuasive. At the hearing on defendants' motion, the Special Master was clear that she was not ordering discovery based on an alter ego theory, but rather that the requested documents were in the possession, custody, and control of defendants. (See Dkt. 125-6, Steffan Decl., Exh. E at ECF 6176-78).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."

Defendants contend that their motion was substantially justified because they believed conversion of the video footage would be "incredibly expensive." (See Dkt. 146-1, Motion for Review re: Sanctions Order at 6). Defendants also assert that the motion was "successful" in that plaintiff, "[i]n response to" the motion, determined he could convert the video without asking defendants to pay for it and "indicated for the first time" that it was acceptable for defendants' employees to gather the video evidence. (See id. at 7). Finally, defendants assert, without any citation to the record, that "the Special Master stated that Defendants should file this motion." (Id. at 7) (emphasis omitted). Defendants' assertions are unpersuasive.

As an initial matter, it appears that defendants waived their burdensomeness argument relating to the costs of converting the videos. "If a party fails timely to object to discovery requests, such a failure constitutes a waiver of any objections which a party might have to the requests." Lynch v. Cassavetes, 2014 WL 12591179, *2 (C.D. Cal. 2014); Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir.) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection.") (citation omitted), cert. dismissed, 506 U.S. 948 (1992); Apple Inc. v. Samsung Electronic Co., Ltd., 2012 WL 952254, *2 (N.D. Cal. 2012) ("Objections not interposed in a timely initial response may not be held in reserve and interposed after the period allowed for response[.]") (citation omitted). Here, defendants have not established that they properly invoked the burdensomeness objection in response to plaintiff's discovery requests. A responding party cannot simply invoke generalized objections; rather, with respect to each of the propounding party's discovery requests, the responding party

> must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is . . . overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden.

Carson Cheng v. AIM Sports, Inc., 2011 WL 13176752, *2 (C.D. Cal. 2011) (internal quotation marks omitted); see Indep. Living Ctr. of S. California v. City of Los Angeles, 296 F.R.D. 632, 637 (C.D. Cal. 2013). In response to the subject discovery requests, defendants were required to submit declarations under penalty of perjury offering evidence establishing the nature of the burden. See Cheng, 2011 WL 13176752, at *2. By not establishing the basis for their burdensomeness objection at the time defendants asserted their objection, plaintiff was denied the opportunity to challenge defendants' objection.

Further, assuming defendants had properly invoked their burdensomeness objection, it appears that they did not raise their burdensomeness objection relating to the costs of converting the videos in connection with underlying motion to compel. (See, generally, Dkt. 54-1, Joint Stipulation regarding Secretary's Motion to Compel [] at 38, 40-41) (raising burdensome argument

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

only as to the request being overbroad; no argument or evidence presented as to costs for converting videos). Even assuming it was proper for defendants to attempt to establish their burden in the context of the underlying motion to compel, they failed to do so, (see Dkt. 144, Special Master's Order of August 11, 2017, at 15-18), thereby waiving the objection. See Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned."); Hupp v. San Diego County, 2014 WL 1404510, *7 (S.D. Cal. 2014) (addressing only the objections raised in a party's opposition to a motion to compel where the party raised multiple boilerplate objections in its initial responses to discovery requests, but did not support or explain the objections in its opposition to a motion to compel); see also Ramirez v. County of Los Angeles, 231 F.R.D. 407, 410 (C.D. Cal. 2005) ("[T]he court will not consider any objections that were not asserted in the responding party's original discovery responses, *i.e.*, it will not consider objections raised for the first time in the Joint Stipulation.") (italics in original). Thus, because defendants did not raise their argument regarding the costs of converting the requested video evidence in connection with the underlying motion to compel, they have waived the argument and cannot belatedly raise it in their motion for a protective order.

Moreover, assuming defendants had properly and timely invoked their burdensomeness objection as to the costs of producing the video footage, defendants waived their objection by not timely filing a motion for protective order. The Special Master issued two discovery orders on April 12, 2017 and May 31, 2017, respectively, requiring that the subject video data be produced. (See Dkt. 88, Special Master's Order of April 12, 2017; Dkt. 111, Special Master's Order of May 31, 2017). On June 26, 2017, one to two months, respectively, after the Special Master issued her orders and nearly nine months after defendants' discovery responses were due, (see Dkt. 54-1, Joint Stipulation Regarding Secretary's Motion to Compel Further Responses at 2) (defendants were obligated to produce the video footage in September 2016), defendants filed their motion for protective order regarding the costs associated with producing the video surveillance data. (See Dkt. 127, Defendants' Motion for Protective Order[]). Yet, defendants offer no explanation for their delay in filing their motion for protective order.[5] (See, generally, Dkt. 146-1, Motion for Review re: Sanctions Order); see Berry v. Baca, 2002 WL 1777412, *2 (C.D. Cal. 2002) ("While the express language of Rule 26 does not set time limits within which a motion for a protective order must be made, there is an implicit requirement that the motion be timely or reasonable."). Nor do

---

[5] Defendants assert that "the Special Master stated that Defendants should file this motion" and that the Special Master "only sanctioned" counsel because of a pattern of misconduct. (See Dkt. 146-1, Motion for Review re: Sanctions Order at 5 & 7-8) (emphasis omitted). However, the fact remains that defendants waived their argument by not raising it in connection with the underlying motion to compel. Further, a review of the hearing transcript, (see Dkt. 146-2, Discovery Hearing Transcript at 33-44), together with the facts specific to this motion, lead the court to conclude that these arguments are unfounded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

defendants provide any explanation as to why – in response to plaintiff's two discovery motions – they did not simply file a cross-motion for protective order. (See, generally, Dkt. 146-1, Motion for Review re: Sanctions Order). As the Special Master concluded, defendants' motion for protective order was nothing more than "a belated or tardy attempt by Defendants to avoid complying with the First and Second Discovery Orders, which require Defendants to produce the video surveillance for its car washes." (Dkt. 144, Special Master's Order of August 11, 2017, at 20).

Finally, assuming, again, that defendants had not waived their burdensomeness objection, defendants' focus on the costs of converting the videos from native to viewable format, (see Dkt. 146-1, Motion for Review re: Sanctions Order at 6), is a red herring. As the Special Master noted, conversion is irrelevant because neither her orders nor plaintiff's discovery requests required conversion. (See Dkt. 144, Special Master's Order of August 11, 2017, at 19-20). Thus, defendants' claim that their Motion for Review re: Sanctions Order was somehow "successful" because it led plaintiff to indicate it would not ask defendants to pay for conversion, (see Dkt. 146-1, Motion for Review re: Sanctions Order at 7), is without merit. (See Dkt. 144, Special Master's Order of August 11, 2017, at 19-20). As to defendants' argument that plaintiff "indicated for the first time" that it was acceptable for defendants' employees to gather the video evidence, the record indicates that plaintiff never objected to defendants' use of their employees. (See Dkt. 151, Secretary's Opposition to Defendants' Motion for Review of Special Master's Order Re Sanctions to Littler Mendelson Following Motion for Protective Order at 5 n. 6 & 10; Dkt. 147-2, Declaration of Rebecca Aragon, Exh. C at 24-35 (June 7, 2017 Meet and Confer Transcript)).

In short, having reviewed defendants' objections to the Special Master's Order of August 11, 2017, the court concurs with and accepts the findings and conclusions of the Special Master set forth in the Special Master's Order of August 11, 2017.

IV.  DEFENDANTS' MOTION FOR REVIEW OF SPECIAL MASTER'S ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO TAKE MORE THAN TEN DEPOSITIONS AND GRANTING PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES.

In her Order Denying Defendants' Motion for Leave to Take More Than Ten Depositions and Granting Plaintiff's Request for Reasonable Expenses (Dkt. 154, "Depositions Order"), the Special Master denied defendants' motion for leave to take more than ten depositions. (Dkt. 154, Depositions Order at 2). Defendants sought leave "'to take up to 140 hours [20 days] of deposition time for the depositions of the employees and investigators identified by Plaintiff's June 5, 2017 Supplemental Disclosures and Exhibit to the Second Amended Complaint.'" (Id. at 8) (quoting Dkt. 135, Motion for Leave to Take More than Ten Depositions at 2).

Defendants contend that the additional depositions are proportional to the needs of the case and necessary to their defense because they do not know whom of the disclosed 785 witnesses plaintiff will call at trial, informal discussions with potential witnesses are not as valuable or reliable as depositions, and individual employee testimony will form the backbone of plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

case. (See Dkt. 159-1, Defendants' Motion for Review of Special Master's Order Denying Defendants' Motion for Leave to Take More than Ten Depositions and Granting Plaintiff's Request for Reasonable Expenses ("Motion for Review re: Depositions") at xi-xii). Defendants argue that they have been prejudiced by plaintiff's identification of "every one of Defendants' employees as potential trial witnesses," which along with plaintiff's assertion of the informant's privilege, has left them unable to prepare for and receive a fair trial. (See id. at xiii-xv). Finally, defendants contend that their failure to exhaust their presumptive ten depositions under Rule 30 (they took only seven) does not demonstrate a lack of diligence. (See id. at xvi-xvii). Defendants' contentions are unpersuasive.

First, the court agrees with the Special Master that defendants' motion was untimely. The Court's Order of September 9, 2016, clearly states that the discovery cut-off date "is not the date by which discovery requests must be served; it is the date by which all discovery, **including all hearings on any related motions**, is to be completed." (Dkt. 33, Court's Order of September 9, 2016, at 2) (emphasis in original). The Court's Order of September 9, 2016, further states that "[a]ny motion . . . must be filed, served and calendared sufficiently in advance of the discovery cut-off date to permit responses to be obtained and/or the deposition to be completed before the discovery cut-off if the motion is granted." (Id. at 2-3). Defendants filed their motion on July 18, 2017, (see Dkt. 135, Motion for Leave to Take Additional Depositions), and it was not deemed submitted under the Special Master's briefing schedule until August 1, 2017, only ten days before the close of discovery. Given the time required for the service of Rule 45 subpoenas and the scheduling of depositions, there is no way the depositions could have been completed before the discovery cut-off even if the Special Master had granted the motion on the day the motion was ready to be ruled upon. (Dkt. 154, Depositions Order at 11-12). Finally, as the Special Master found, even though "the evidence establishes that as early as January 2017, Defendants were aware that the Secretary would not stipulate to allowing Defendants to take more than ten depositions[,]" defendants provided "no explanation for waiting until mid-July to file the pending motion[.]"[6] (See id. at 12).

Second, even assuming defendants had timely filed their motion, the motion was premature

---

[6] Defendants also state that the court signaled its willingness to extend the fact discovery deadline to allow the taking of additional depositions, extrapolating from the Court's Order of August 9, 2017, denying defendants' ex parte application for an order extending fact discovery cut-off without prejudice. (See Dkt.159-1, Motion for Review Re: Depositions at vii & xii). Putting aside the fact that the defendants filed their ex parte a mere seven days before the discovery cut-off, the court did not, nor did it intend to, signal its willingness to continue the deadlines. The court denied the ex parte without prejudice because a ruling on defendants' motion for leave to exceed the deposition limit would have required defendants, at a minimum, to make a showing that they had been diligent in pursuing discovery. A showing of diligence is also required to continue the case deadlines and the court saw no need to inquire as to defendants' diligence in conducting discovery as that issue was pending before the Special Master.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

in that it was filed without defendants first having taken the ten depositions presumptively allowed under Rule 30. Requests to exceed the deposition limit are evaluated pursuant to Rules 26(b)(1) and 30(a)(2). Rule 26(b)(1) provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake[], the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 30(a)(2) provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) . . . [i]f the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants[.]" Fed. R. Civ. P. 30(a)(2)(A)(I). "Courts generally do not grant leave to take additional depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)(A)." Finazzo v. Hawaiian Airlines, 2007 WL 1425241, *3 (D. Haw. 2007); see Lloyd, 2007 WL 906150, at *2 ("Moreover, Rule 30(a)(2)(A) clearly contemplates that a party has already taken ten depositions before a motion is filed seeking leave of court for a proposed deposition that would result in more than ten depositions being taken under this rule."). Further, a party seeking to exceed the ten deposition limit "must make a particularized showing of why the discovery is necessary." Lloyd v. Valley Forge Life Ins. Co., 2007 WL 906150, *2 (W.D. Wash. 2007) (citing Bell v. Fowler, 99 F.3d 262, 271 (8th Cir. 1996)); Archer Daniels Midland Co. v. Aon Risk Servs., Inc., 187 F.R.D. 578, 586 (D. Minn. 1999) (same).

Here, "[a]t the time [defendants] filed their [motion for leave to take more than ten depositions] defendants still had not yet exhausted the ten depositions permitted as of right. Thus, seeking leave of court to take ten additional depositions at this point is arguably inappropriate." Nat. Res. Def. Council, Inc. v. Winter, 2008 WL 11338647, *2 (C.D. Cal. 2008). Nevertheless, even assuming defendants had exhausted the deposition limit prior to filing their motion, the court agrees with the Special Master that defendants "have not met their burden to show a particularized need to depose any former or current employee, let alone all 785 former and current employees listed on the exhibit attached to the SAC or even a 'sample' of 60 employees." (Dkt. 154, Depositions Order at 17 & 23) (emphases omitted).

Defendants did not take the deposition of a single employee during the discovery period even though they, unlike plaintiff, have always had exclusive access to the names and contact information of their own employees. In fact, defendants noticed the depositions of 18 former and current employees on January 4 and 5, 2017 – without obtaining a stipulation to exceed the ten-deposition limit, (see Dkt. 154, Depositions Order at 6) (citing Dkt. 56-1, Declaration of Natalie Nardecchia [] at ¶ 6) – but subsequently canceled them and did not reschedule them, despite being provided with alternate deposition dates by plaintiff. (See id. at 6-7) (citing Dkt. 141-1, Declaration of Nancy E. Steffan [] at ¶¶ 3-4). Indeed, in the papers they filed with the Special Master, defendants did "not explain why the depositions were not rescheduled nor otherwise justify their failure to depose any former or current employee prior to the discovery cut-off date." (Dkt. 154, Depositions Order at 17). Nor did defendants' motion before the Special Master make any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

"effort to identify, distinguish or prioritize by category or otherwise the employees they seek to depose, despite having exclusive access to the employment records of these individuals." (Id. at 17-18). In short, even assuming, arguendo, that defendants had exhausted the ten deposition limit, the court agrees with the Special Master that defendants have not met their burden to show a particularized need for additional depositions.[7]

Finally, defendants' motion rests in large part on their argument that they must be allowed to depose as many employees as possible because the Secretary "identified nearly 800 potential witnesses in their initial disclosures, but deliberately concealed the smaller number of actual potential witnesses under the cover of the 'informant's privilege.'" (Dkt.159-1, Motion for Review Re: Depositions at iv). According to defendants, "the Secretary refuses to disclose its employee trial witnesses due to the alleged informant's privilege." (Id. at vi) (bold and initial capitalization omitted). The court is not persuaded.

First, defendants' argument is misleading to the extent they assert they are seeking nothing more than to depose plaintiff's trial witnesses. The Secretary did not identify 700 trial witnesses. Nor, for that matter, have defendants identified any trial witnesses. At the time the parties were before the Special Master, the deadline for the parties to file their lists of trial witnesses was January 19, 2018. (Dkt. 62, Court's Order of January 23, 2017, at 2). In other words, while defendants claim that they "never knew which employees Plaintiff would call[,]" (Dkt.159-1, Motion for Review Re: Depositions at xiii), they are not entitled to know which witnesses are going to be called until the deadline for the filing of trial witness lists. Thus, any suggestion or inference that defendants simply want to depose plaintiff's trial witnesses is a mischaracterization on defendants' part.[8]

Second, defendants' misleading characterization of plaintiff's initial disclosures of more than

---

[7] The court agrees with the Special Master that defendants' reliance on Perez v. Kazu Construction, LLC, 2017 WL 628455 (D. Haw. 2017) is misplaced. (See Dkt. 154, Depositions Order at 18-19). Similarly, defendants' reliance on Perez v. Guardian Roofing LLC, 2016 WL 1408027, *3 (W.D. Wash. 2016) is unpersuasive, because the court's order did not involve deposition limits. Instead, the Guardian court's order related to requests to compel disclosures and information related to the informant's privilege. See id. Though the language in Guardian might be construed to suggest that the defendant was allowed to take more than ten depositions, see id. at *3 ("Guardian has the names of DOL's 65 employee witnesses, all of whom Guardian can now interview and/or depose."), the court did not actually address whether any party could exceed the ten deposition limit. See id.

[8] Putting aside defendants' mischaraterization of plaintiff's disclosure of more than 700 witnesses in his initial disclosures as "trial witnesses," it is worth nothing that defendants have done the same. (See Dkt. 201, Reporter's Transcript of [] February 13, 2018, at 30) ("Ms. Rafoth: Both parties included the entire 789 [employees] in their Rule 26 disclosures.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

700 employees ignores the realities of employment and wage and hour cases. In those types of cases, particularly in representative and class actions, the universe of persons with "discoverable information" that may be used "to support" the "claims or defenses" of the disclosing party will always include employees. See Fed. R. Civ. P. 26(a)(1)(A). That information is always in the exclusive control of the employer. As in virtually all employment and wage and hour class actions, the employer is required to provide the names and contact information of the employees that fall within the scope of the claims and defenses asserted in the case. That is what happened here. In fact, defendants seek to depose employees that plaintiff only learned about from defendants, i.e., when defendants finally provided to plaintiff a roster of their former and current employees. (See Dkt. 154, Depositions Order at 17) ("In fact, Defendants provided the Secretary with a roster of former and current employees, which is the basis for the exhibit attached to the SAC."). Thus, it strains credulity and is disingenuous for defendants to now take the position that they must be allowed to depose witnesses – witnesses which defendants disclosed to plaintiff – because plaintiff disclosed the same witnesses as a supplement to its initial disclosures.[9]

Although defendants could have filed some sort of motion to modify the scheduling order to compel the disclosure of trial witnesses earlier than normal, they did not do so. More importantly, as the Special Master found, defendants' motion to exceed the ten-deposition limit "is not the proper vehicle to compel the identities of the Secretary's trial witnesses; it is not a motion to compel, and Defendants cannot properly convert it into a motion to compel." (Dkt. 154, Depositions Order at 18).

In short, the court concurs with and accepts the findings and conclusions of the Special Master set forth in the Depositions Order. (See Dkt. 154, Depositions Order at 8-24).

---

[9] The court cautions defendants to carefully craft and support their arguments with record and case authority so as to not inadvertently mislead the court. Notably, the entire argument section of defendants' reply, which makes several disingenuous representations in an apparent effort to muddle what transpired during the discovery process, is devoid of any citations to the record. (See, generally, Dkt. 166, Reply re: Depositions Order at 2-5). For instance, defendants state that plaintiff "waited nearly a year into discovery and until only a few months before close of discovery" to disclose over 700 witnesses. (See id. at 4). In fact, plaintiff disclosed by category all of defendants' employees, but did not provide the actual names of defendants' employees because defendants – who had exclusive control over such information – did not provide that information to the Secretary until March 10, 2017. (See Dkt. 96, Declaration of Nancy Steffan in Support of Secretary's Second Motion to Compel at ¶ 20). Indeed, as defendants admit, plaintiff disclosed all the names of employee witnesses on April 3, 2017, (see Dkt. 166, Reply re: Depositions Order at 4), only a few weeks after defendants provided the list of employees to plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

V.   ATTORNEY'S FEES.

The Special Master granted plaintiff's request for attorney's fees in the amount of $7,812.50 in connection with plaintiff's second motion to compel, (see Dkt. 143, Order Awarding Reasonable Expenses to Plaintiff ("Attorney's Fees Award re: Discovery Order") at 9), $5,200.00 in connection with defendants' motion for protective order, (see Dkt. 153, Order Awarding Reasonable Expenses to Plaintiff ("Attorney's Fees Award re: Protective Order") at 4 & 9), and $6,475.00 in connection with defendants' motion for leave to take additional depositions.  (See Dkt. 163, Order Awarding Reasonable Expenses to Plaintiff ("Attorney's Fees Award re: Depositions Order") at 2 & 9).

For two of these orders, defendants contest solely the amount of attorney's fees awarded. (See Dkt. 147-1, Defendants' Motion for Review of Special Master's Order Regarding Amount of Sanctions Related to Plaintiff's Second Motion to Compel ("Motion for Review re: Attorney's Fees re: Discovery Order") at 1; Dkt. 160-1, Defendants' Motion for Review of Special Master's Order Regarding Amount of Sanctions Related to Defendants' Motion for Protective Order ("Motion for Review re: Attorney's Fees re: Protective Order") at 1).  For the attorney's fees awarded in connection with the Depositions Order, defendants have "three principle objections."  (See Dkt. 168, Defendants' Objection to Special Master's Order Awarding Reasonable Expenses [] in Connection with Defendants' Motion for Leave to Take Additional Depositions ("Objs. to Attorney's Fees re: Depositions Order") at 2).  The first is that any award of attorney's fees is unjust because the underlying motion was substantially justified. (See id.).  The second objection is that the award is subject to the court's review of defendants' Motion for Review Re: Depositions. (See id.).  The third is that the Special Master's Order does not order reasonable expenses incurred but rather a profit-bearing award in favor of plaintiff. (See id.).  The first and second objections have already been disposed of above.  See supra at § IV.  The third objection is addressed below.

"If the [discovery] motion is granted . . . the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if: (I) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(I)-(iii).  Similarly, "[i]f the motion is denied, the court . . . must . . . require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(B).

Defendants contend that Rule 37(a)(5) entitles plaintiff only to "reasonable expenses incurred" in opposing the discovery motion, meaning the actual expenditures (based on government attorney salaries), and not the "market rate" for fees charged to clients by private law firms.  (See Dkt. 147-1, Motion for Review re: Attorney's Fees re: Discovery Order at 1-2; Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

160-1, Motion for Review re: Attorney's Fees re: Protective Order at 1-2; Dkt. 168, Objs. to Attorney's Fees re: Depositions Order at 3). Defendants contend that by awarding the Secretary market rates for his attorneys, the Special Master gave plaintiffs a "windfall bounty" in contravention of Rule 37's "make whole" purposes. (See Dkt. 165, Reply in Support of Motion for Review of Special Master's Order Regarding the amount of Sanctions Related to Defendants' Motion for Protective Order at 2; Dkt. 147-1, Motion for Review re: Attorney's Fees re: Discovery Order at 6; Dkt. 168, Objs. to Attorney's Fees re: Depositions Order at 1).

      It is well-settled that, under Rule 37, the court may properly calculate the amount of fees using the lodestar method. See Marrocco v. Hill, 291 F.R.D. 586, 587-88 & 591 (D. Nev. 2013) (awarding fees for a motion to compel); Finley v. Hartford Life & Acc. Ins. Co., 249 F.R.D. 329, 332-33 (N.D. Cal. 2008) ("In calculating 'reasonable attorney's expenses,' [under Rule 37], the Court uses the lodestar approach, multiplying the time reasonabl[y] expended on the motion by a reasonable rate.") (citing Kraszewski v. State Farm General Ins. Co., 1984 WL 1027 (N.D. Cal. 1984)); Jerry Beeman & Pharmacy Servs., Inc. v. Anthem Prescription Mgmt., Inc., 2016 WL 4940297, *2-3 (C.D. Cal. 2016) (applying lodestar method); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., 248 F.R.D. 64, 68 (D.D.C. 2008) ("The proper method of awarding attorneys' fees for a violation of Rule 37 is the lodestar method, in which the court multiplies a reasonable hourly rate by a reasonable number of hours expended."). In addition, attorney's fees for government lawyers may be awarded at the prevailing market rate. See Exp.-Imp. Bank of the U.S. v. United California Disc. Corp., 2011 WL 165312, *2 (C.D. Cal. 2011) (awarding reasonable market rate to government attorneys, even though they are paid a salary and do not bill on an hourly or any other basis); Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1092-93 (3rd Cir. 1988) (government lawyer's services may "be valued at a market rate"); United States v. Kirksey, 639 F.Supp. 634, 637 (S.D.N.Y. 1986) (same); see also Welch v. Metro. Life. Ins. Co., 480 F.3d 942, 946 (9th Cir. 2007) ("We have repeatedly held that the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged by the prevailing party.'"). Awarding attorney's fees to government attorney's fees according to the lodestar is purely compensatory and consistent with Rule 37. See Kraszewski, 1984 WL 1027 at *11 n. 29 ("[W]e find no merit in the protest of the defendants and their counsel that use of current hourly rates in calculating a fee award under Rule 37 (a)(4) somehow transforms the nature of the award from compensatory to punitive. The lodestar sum . . . is purely compensatory."). Thus, the court rejects defendants' arguments that awarding plaintiff the lodestar amount is anything other than compensation for "reasonable expenses incurred" under Rule 37.

      In short, the court concurs with and accepts the findings and conclusions of the Special Master set forth in the three orders awarding attorney's fees. (See Dkt. 143, Attorney's Fees Award re: Discovery Order at 9; Dkt. 153, Attorney's Fees Award re: Protective Order at 9; Dkt. 163, Attorney's Fees Award re: Depositions Order at 6).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-4547 FMO (AGRx) | Date | **March 28, 2018** |
|---|---|---|---|
| Title | **R. Alexander Acosta v. Southwest Fuel Management, Inc., et al.** | | |

**CONCLUSION**

Having made a de novo determination of the Special Master's orders, all the objections filed by the parties and the record before the court, the court concurs with and accepts the findings and conclusions of the Special Master. Accordingly, IT IS ORDERED THAT:

1. Defendants' Objections to Spoliation Order (**Document No. 107**) are **overruled**.

2. Defendants' Motion for Review re: Discovery Order (**Document No. 121**) is **denied**.

3. Defendants' Motion for Review re: Sanctions Order (**Document No. 146**) is **denied.**

4. Defendants' Motion for Review re: Attorney's Fees re: Discovery Order (**Document No. 147**) is **denied.**

5. Defendants' Motion for Review re: Depositions (**Document No. 159**) is **denied.**

6. Defendants' Motion for Review re: Attorney's Fees re: Protective Order (**Document No. 160**) is **denied.**

7. Defendants' Objection to Attorney's Fees re: Depositions Order (**Document No. 168**) is **overruled.**

8. The court assumes that defendants and their counsel have complied with all the Special Master's orders as no party sought a stay of her orders pending the court's ruling on the matters set forth above. (See DKt. 78, Court's Order of March 7, 2017, at 1-2; Dkt. 117, Court's Order of June 12, 2017 at 1-3). To the extent defendants and/or their counsel have not complied with the Special Master's orders discussed or referenced above, defendants and their counsel shall, no later than **April 5, 2018**, fully comply with all of the Special Master's orders discussed and/or referenced above.

9. Any issues relating to compliance with this Order or any of the Special Master's orders shall be addressed by the Special Master.

10. The Clerk shall serve a copy of this Order on the Special Master.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | vdr |